STATE *ex rel.* THOMASON, *Comptroller, v.* O. P. BRANHAM
*et al.*

(*Nashville.* December Term, 1920.)

1. **TAXATION.** Exemption of $1,000 proper in case of collaterals.

Under Acts 1919, chapter 46, sections 2, 3, imposing inheritance taxes on transfers to descendants, etc., at one rate and on transfers to collaterals at another rate, an exemption of $1,000 should be allowed, though the entire transfer is to collaterals. (*Post, p.* 296.)

Acts cited and construed: Acts 1919, ch. 46, secs. 2, 3.

Case cited and approved: State ex rel. v. Temple, 142 Tenn., 466.

2. **TAXATION.** $10,000 exemption, where transfer is to collaterals and direct descendants, etc.

Where property passes partly to collaterals and partly to direct descendants, etc., there is, under Acts 1919, chapter 46, sections 2, 3, an exemption of $10,000. (*Post, p.* 297.)

3. **TAXATION.** Inheritance tax laws should be construed against State.

Where the language is not clear, an inheritance tax law should be construed against the State.

4. **TAXATION.** Where property is transferred to many collaterals, there is only one exemption to estate.

Under Acts 1919, chapter 46, sections 2, 3, imposing inheritance taxes at different rates on transfers of property to direct descendants and to collaterals, declaring that in determining whether any property falls within either exception the estate, the transfer of which may be the subject of taxation, shall be treated as a whole, or as one transfer without reference to the shares into which the

State ex rel. v. Branham.

estate may be subdivided, there can be only a single exemption to the estate of $1,000 in case of transfers to collaterals, notwithstanding in case of transfers of a large estate to numerous collaterals such collaterals having no individual exemption may have surtaxes deducted from their shares pursuant to section 11, although their shares be very small. (*Post, pp.* 297-299.)

Case cited and approved: Henson v. Monday et al., 143 Tenn., ——.

5. **TAXATION.** In case of transfer to collaterals and direct descendants, etc., transfers to each class should be considered as one.

Under Laws 1919, chapter 46, sections 2, 3, where there are transfers to collaterals and transfers to ascendants, or descendants, etc., all that part going to collaterals must be treated as one transfer, and that part going to ascendants, etc., as another transfer; different rates of taxes being on the two transfers. (*Post, pp.* 297-299.)

Acts cited and construed: Acts 1919, ch. 46, secs. 2, 3.

FROM SUMNER.

Appeal from the Chancery Court of Sumner County.— HON. J. W. STOUTT, Chancellor.

J. W. COOPER, and FRANK M. THOMPSON, Attorney-General, for the Comptroller.

BASKERVILLE & McGLOTHLIN, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the comptroller against the executors and legatees of John T. Branham to recover an inheritance tax under chapter 46 of the Acts of 1919. Both

sides were dissatisfied with the chancellor's decree, and have appealed to this court.

John T. Branham died in Sumner county in July, 1919. By his will he distributed his estate among his grand-nephews and grandnieces, sixty-three in number, each of these taking $400. The residue of his estate was given to his nephews and nieces, thirteen in number. It is agreed that the clear value of the estate was $53,359.38.

The chancellor held $1,000 to be exempt, and imposed a tax of five per cent. on the next $50,000 and the tax of six per cent. on the remainder of the estate. He allowed an attorney's fee of ten per cent. on the tax decreed.

The case necessitates the construction of section 2 and section 3, and reference to other sections, of chapter 46 of the Acts of 1919.

Section 2 and section 3 are as follows:

"Sec. 2. Be it further enacted, that there is excepted from the tax imposed in the foregoing section and from the operation of this act, the following, and no other:

"(1) Property of an intestate, testator, or grantor, where the whole estate has a clear market value of less than $1,000. (2) Property having a clear market value of less than $10,000, transferred to the wife and to the direct descendants and ascendants, or either of them, of the person from whom the transfer is made: Provided, however, that in determining whether any property falls within either of the foregoing exceptions, the estate the transfer of which may be the subject of taxation under this act, shall be treated as a whole, or as one transfer or sum, with-

out reference to the numbers of transfers or parts of shares into which such estate may be subdivided. (3)—All property transferred to municipal corporations, for strictly municipal purposes. (4) All property devised or transferred to any church for purely religious purposes, to any school or college for purely educational purposes, to any hospital or *bona-fide* charitable institution.

"Sec. 3. Be it further enacted, that the tax on all transfers taxable under this act shall be at the rates following: (1) Where the person or persons entitled thereto are the husband, wife or direct descendants, or any child adopted as such in conformity with the laws of the State, or ascendants of the person making the transfer, (1) one per cent. on amounts from $10,000 to $25,000; one and one-half per cent. on the next $25,000, or any part thereof; two per cent. on the next $50,000, or any part thereof; three per cent. on the next $400,000, or any part thereof; five per cent. on $500,000 and all over that sum. (2) When the person or persons entitled thereto are not the wife or direct ascendant or descendant of the person making the transfer, five per cent. on amounts from $1,000.00 to $50,000; six per cent. on the next $50,000, or any part thereof; seven per cent. on the next $50,000 or any part thereof; eight per cent. on the next $50,000, or any part thereof; nine per cent. on the next $50,000, or any part thereof; ten per cent. on $250,000 and all over that sum."

It will be observed that a tax is levied on the passing of property to the wife or husband (*State ex rel* v. *Temple,*

142 Tenn., 466, 220 S. W., 1084) or to the direct descendants or ascendants of the owner of the property. Another tax at a different rate is levied upon the transfer of property to persons other than those named. The first tax has heretofore been known in this jurisdiction as the direct inheritance tax and the other tax has been known as the collateral inheritance tax. It will be convenient to preserve this nomenclature although not strictly accurate.

We think the chancellor was correct in allowing an exemption of $1,000 in this case. It is insisted for the comptroller that there is no exemption from collateral inheritance tax, unless the entire estate is of a clear value of less than $1,000. The language of section 2, standing alone, would excuse this contention. Section 3, however, in dealing with the collateral inheritance tax, levies it "on amounts from $1,000 to $50,000, etc., and levies no tax on amounts under $1,000.

This construction was given to the act of 1919 in *State ex rel. v. Temple, supra,* where it was said:

"Analyzing section 2, it appears that an exemption of $10,000 is provided for (a) the wife, (b) direct descendants, and (c) direct ascendants, and that an exemption of only $1,000 is allowed all other persons."

So we think, regardless of the amount of the estate, $1,000 is exempt, when the estate goes to collaterals and $10,000 is exempt when it goes to ascendants, descendants, etc.

State ex rel. v. Branham.

In addition property transferred to municipal corporations for municipal purposes, and property transferred to churches, schools, hospitals and charitable institutions is exempt, and is to be excluded in the computation of the inheritance tax.

- We think that if property is passed partly to collaterals and partly to direct ascendants, descendants, etc., $10,000 of the estate is exempt.

It is insisted for the defendants that the exemption of $1,000 should be taken from each legacy under this will. In other words, that each legatee is entitled to $1,000 exemption.

The argument is that the inheritance tax is a tax laid on the privilege of receiving property. *Henson* v. *Monday et al.,* 143 Tenn., 418, 224 S. W., 1043; that the tax is to be paid by the legatees herein; that the language of the statute is doubtful; and that under the authorities each legatee is entitled to a $1,000 exemption.

We concede that an inheritance tax law should be construed against the State where the language is not clear, and that in such cases each recipient of property subject to the tax is ordinarily given the benefit of any exemption provided.

It all depends, however, on the language of the particular statute. We think the language of the statute before us is too clear to permit of any construction, and that the defendants' claim for exemptions to each taker under the will cannot be maintained.

The language of section 2 with reference to exemptions is:

"That in determining whether any property falls within either of the foregoing exceptions, the estate the transfer of which may be the subject of taxation under this act, shall be treated as a whole, or as one transfer or sum, without reference to the number of transfers or parts of shares into which such estate may be subdivided."

We are plainly required under this language to treat the property disposed of by this testator as one transfer— as if given to one legatee. This being true, but one exemption of $1,000 can be allowed.

Treating the transfer as one, the chancellor properly levied a five per cent. tax on the first $50,000 above the exemption and a six per cent. tax on that part of the estate above $50,000.

Section 11 of the act provides that the executor having in charge any legacy or property for distribution subject to the tax shall deduct the tax therefrom so that these executors may properly assess each legatee under the will with his proportionate part of the entire tax.

It is true that under this scheme of privilege taxation one who takes a small legacy from a large estate may be charged with the surtax. Still this is a matter for the legislature. Privilege taxation is often levied on a basis that is not altogether equitable. For instance, one conducting a particular business in a large city pays a greater privilege tax than one conducting the same business in a small town, regardless of the amount of the business of

either.   These privileges are graduated according to the population of the locality in which a party does business, and are not proportioned to the amount of business done by the party.

So we think the legislature may lawfully graduate the privilege of taking by inheritance according to the value of the estate, rather than the value of the particular property taken.   If such classification seems proper to the legislature, we do not feel that we have any right to interfere.

The provision that the transfer of the estate shall be treated as a whole regardless of the number of shares must be subjected to this qualification.   If part of the estate goes to collaterals and part to ascendants or descendants, etc., all that part going to collaterals must be treated as one transfer, and that part going directly must be treated as another transfer.   This is necessarily true, since different rates of taxation are levied, and in the case put the transfer of the property must be treated as two transfers, but with one exemption of $10,000 as stated before.

We think that ten per cent. attorney's fee is proper compensation for the attorney for the comptroller.

The chancellor's decree was correct, and will be affirmed in all respects.