COMMERCE-UNION BANK, ADMINISTRATOR, COMPLAINANT, APPELLEE, *v.* CHARLES M. McCABE, COMMISSIONER OF FINANCE AND TAXATION, DEFENDANT, APPELLANT.

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

LITTELL RUST and BAXTER CATO, for complainant, appellee.

ROY H. BEELER, Attorney-General, and J. W. COOPER, Assistant Attorney-General, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Charles William Vaughn, resident of Davidson County, Tennessee, an unmarried man, died intestate in Davidson County in 1930, as the result of personal injuries, wrongfully inflicted by another. His only next of kin is a half sister. The complainant, as administrator of his estate, brought suit for damages for his wrongful death, and by compromise, obtained a net recovery of $4,000, which by operation of law inures to the benefit of the half sister, as next of kin of the intestate.

The complainant, as administrator, brought this suit to enjoin the Commissioner of Finance and Taxation from charging the proceeds of the action for wrongful death with the collateral inheritance tax imposed by Acts 1929 (Extra Session), chapter 29. The Commissioner by cross bill seeks to recover such tax. The chancellor sustained the original bill and awarded complainant a permanent injunction. *Bank of Commerce & Trust Co.* v. *McLemore,* 162 Tenn., 137, 35 S. W. (2d) 31. The Commissioner has appealed, and assigns as error that the chancellor erred in not holding the described fund subject to the inheritance tax.

The inheritance or succession tax statute of 1929 is carried into the Code at sections 1259 et seq. By section 1259 the tax is imposed upon transfers from a resident of this state on

"(1)   Real property situated within this state.

"(2)   Tangible personal property, except such as has an actual *situs* without this state.

"(3)   All intangible personal property.

"(4)   Proceeds of insurance policies, except as hereinafter provided."

Section 1260 provides that such transfers shall be taxable if made (a) by a will, (b) by statutes regulating

descent and distribution of property upon the death of the owner, and (c) by conveyances or assignments made by the decedent prior to and in contemplation of death.

It is argued for the state that the right of action for the death of deceased herein was transferred by the statutes regulating descent and distribution of property and that the tax is accordingly due upon such transfer. We think this is a mistake. This right of action passed to the complainant by reason of section 8236 of the Code, providing that

"The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin, in either case free from the claims of creditors."

The statute quoted would not, in common parlance, be considered as one of the statutes of descent and distribution. So far as the statutes of descent and distribution are concerned, this right of action would have abated. The statutes of descent and distribution did not reach it. The right of action is not, therefore, property transferred by the statutes "regulating descent and distribution," although the proceeds of such suit are disbursed according to such statutes.

The general purpose of the Act of 1929 was to put a tax upon property transferred by will, by the statutes of descent and distribution, and by conveyances or assignments made in contemplation of death. The lawmakers had in mind, generally speaking, property over

which the owner had a complete power of disposition. Property that he could will, property that he could convey, or property that would pass under the laws of descent and distribution in the absence of a will or conveyance. In all cases in which property not of this nature was dealt with by the Act, such property appears to have been specifically named. Thus section 1261 of the Code deals with property held jointly, where there is a right of survivorship, and puts a tax upon the share of the property belonging to the decedent and going to the survivor. Section 1261a puts a tax upon the passing of life insurance (with certain exemptions) even to named beneficiaries. Section 1262 deals with property included in revocable trusts, and section 1264 deals with dower and curtesy, and taxes the vesting of dower in a wife upon the death of her husband and the vesting of curtesy in a husband upon the death of his wife.

The right of action for death by wrongful act, like dower, curtesy, and other rights specifically mentioned in the statute, is property that cannot be dealt with by the owner as he can deal with his property generally. Such property cannot be disposed of by will. *Haynes* v. *Walker,* 111 Tenn., 106. It has not been decided by this court that such a right of action is assignable.

It seems to us, if the legislature had intended to levy this tax upon the right passing under section 8236 of the Code, it would have been explicit as it was with respect to dower, curtesy, and such interests. Under a familiar rule, the transfer of such right of action is excluded.

If the levy of the inheritance tax were sustainable in the case before us, it would likewise apply to an award

of workmen's compensation wherever the dependent was a collateral and the amount exceeded $1,000. We are satisfied no such result was intended.

The decree of the chancellor will be affirmed.