VALLEY FIDELITY BANK & TRUST COMPANY, Appellant

*v.*

THOMAS D. BENSON, Commissioner of the Department of
Revenue, State of Tennessee, Appellee.

448 S.W.2d 394

(*Nashville,* December Term, 1969.)

Opinion filed December 3, 1969.

504

Norman H. Williams, Fowler, Rowntree, Fowler & Robertson, Knoxville, for appellant.

David M. Pack, Attorney General, Milton P. Rice, Deputy Attorney General, State of Tennessee, for appellee.

Mr. Justice Humphreys delivered the opinion of the Court.

This case involves the question of whether benefits paid under a retirement plan of a private employer to the survivorship beneficiary of a deceased employee are subject to taxation under the Tennessee Inheritance Tax Laws. We hold that they are not.

The appellant, complainant in the court below, is the executor of the late Charles F. Lewis, of Knox County. Mr. Lewis had, prior to his death, been the recipient of

stated monthly sums from three separate employee retirement plans in which he had participated while employed by Ideal Cement Company and its predecessor corporation, Volunteer Portland Cement Company.

The first plan, under which Mr. Lewis received $325.75 monthly, is known as "Ideal Cement Company Pension Plan B for salaried employees."

Participation in this plan was automatic for all salaried employees. Payments are made from a trust fund, the corpus of which, in Mr. Lewis' case, was contributed entirely by the employer. The employer divested itself of all right, title or interest in the fund, although it could revoke, modify or terminate the plan at its sole discretion. Mr. Lewis had rights against the fund, so long as it was sufficient, only to the stated monthly sum to himself and (as will be explained) his contingent beneficiary. The plan provided no surrender value, and the benefits were expressly made not subject to alienation, assignment or the claims of creditors, any attempt to do so cutting off all benefits.

From the second plan, known as "Group Annuity Contract No. AC 928," Mr. Lewis received $91.03 monthly. Under this plan the employer procured for the benefit of the employee a commercial annuity contract. Contributions for the purchase of this annuity were made both by Mr. Lewis and the employer, Mr. Lewis contributing approximately five per cent of the total payments. Although the plan was subject to cancellation or change at any time by the employer, once Mr. Lewis retired he (and his contingency beneficiary) had an indefeasible right to the benefits then provided. The benefits, however, were in no way alienable, and there was no surrender value.

The third plan, "Group Annuity Contract No. AC 936," provided $28.85 monthly, and was essentially identical to the second plan, except that all contributions were made by the employer.

Each of these plans contained an "optional benefit" provision, which Mr. Lewis elected to utilize, whereby the employee would receive a reduced monthly sum upon retirement, with payments (survivorship benefits) to continue to a selected beneficiary for life if the beneficiary should survive the employee. Mr. Lewis in each case chose his wife as his contingent beneficiary.

Mrs. Lewis did in fact survive her husband, and so became entitled, under the survivorship benefit provisions of the retirement plans, to the monthly payments. The appellant executor did not include the value of the survivorship benefits in the decedent's taxable estate when filing the inheritance tax return. The Commissioner, appellee here, thereupon appraised the value of the benefits, calculating their value under T.C.A. sec. 30-1613 to be $31,189.33, and asserted against the estate an inheritance tax deficiency of $2,183.25. Appellant paid this deficiency under protest and instituted this suit for its recovery.

The case was heard and determined in the court below on bill and answer. The Chancellor held: (1) that the survivorship benefits constituted intangible personal property which had belonged to Mr. Lewis, had been transferred to Mrs. Lewis prior to his death and were intended to take effect in possession and enjoyment at that time, so as to be subject to the inheritance tax under T.C.A. secs. 30-1601 and 30-1602; (2) that the benefits are specifically subject to taxation under T.C.A sec.

30-1604 as "proceeds of insurance policies commonly known as * * * 'annuity contracts'"; and (3) that the Commissioner properly utilized T.C.A. sec. 30-1613 to compute the appraised value of the benefits.

From the decree dismissing the appellant's bill this appeal is prosecuted, error being assigned to each of the three holdings.

In considering the principal question raised in this appeal—whether our inheritance tax laws subject the survivorship benefits to taxation—we must keep in mind that our laws imposing the inheritance "are to be construed strictly against the government, and favorably to the taxpayer." *Crenshaw v. Moore,* 124 Tenn. 528, 531, 137 S.W. 924, 34 L.R.A.,N.S., 1161 (1911); *State ex rel. McCabe v. Clayton,* 162 Tenn. 368, 38 S.W.2d 551 (1930); *State ex rel. Thomason v. Branham,* 143 Tenn. 292, 228 S.W. 58 (1920). We must at the same time, however, "give full scope to the legislative intent and apply a rule of construction that will not defeat the plain purposes of the act." *Bergeda v. State,* 179 Tenn. 460, 466, 167 S.W.2d 338, 340, 144 A.L.R. 696 (1942). In short, we must seek to give to these statutes the effect plainly intended by the legislature, but only that effect; where any doubt arises the question will be resolved in favor of the taxpayer.

The first assignment of error concerns the applicability of the general sections of the Inheritance Tax Laws, T.C.A. secs. 30-1601 and 30-1602, to the survivorship benefits. These sections read in part:

"30-1601. *Tax upon transfers of property.* A tax is imposed for the general uses of the state, under the conditions and subject to the conditions and limitations

hereinafter prescribed, upon transfers, in trust or otherwise, of the following property, or any interest therein or accrued income therefrom:

(a) When the transfer is from a resident of this state. * * *

(3) All intangible personal property."

"30-1602. *Transfers taxable.*—The transfers enumerated in sec. 30-1601 shall be taxable if made * * *

\* \* \* \* \*

(d) If a resident, any property specified in paragraph (a) of sec. 30-1601, and, if a nonresident, any property specified in paragraph (b) of sec. 30-1601 transferred by the decedent prior to death by gift or grant intended to take effect in possession or enjoyment at or after death."

Counsel for appellee insists that the plain words of the statutes show the intention of the legislature to tax the retirement benefits in this case. The argument is that all intangible personal property transferred prior to death but taking effect in possession or enjoyment at death is expressly made subject to the inheritance tax, and that the survivorship benefits are such property. In support of this contention appellee cites us to numerous cases in other jurisdictions in which survivorship retirement benefits have been taxed under statutes similar to those of Tennessee. From these cases, collected in Annotation: Transfer Tax — Life Insurance — Annuity, 73 A.L.R.2d 157, appellee derives the rule that survivorship benefits under private retirement plans are subject to inheritance or estate taxes *when the employee had a vested interest in the plan and the benefits thereby afforded prior to his death.* Such a vested interest, as

appellee views the cases is made out when the employee has the right to elect a survivorship option.

Basically, this rule states a test to determine whether the employee had a property right in the benefits accrueing to the survivorship beneficiary on his death. In the cases relied upon by the appellee once such a property right was found the survivorship benefits were taxable under statutes providing for the taxation of "all property."

Considering the facts before the Court, it is apparent that the benefits would be subject to taxation under appellee's rule: Mr. Lewis had, and exercised, a survivorship benefit option under each plan. Insofar as this means that Mr. Lewis had a property right in the benefits we agree with appellee's position. His vested right to elect the survivorship option—thus in effect dividing the value of the retirement benefits between his wife and himself— was without doubt a right of property in the benefits. Appellant does not dispute this, nor could it.

To further say, however, that this property right held by Mr. Lewis subjects the survivorship benefits to the Tennessee Inheritance Tax does not follow. Whatever the courts of other states may have said, they were concerned with their own particular statutes; however similar in language to our own those statutes may be, our statute, as previously construed, compels a contrary result.

In *Commerce Union Bank v. McCabe*, 166 Tenn. 337, 61 S.W.2d 460 (1933), a case denying the taxability of proceeds of an action for wrongful death, the nature of our inheritance tax was pointed out by Mr. Chief Justice Green. The opinion reads in part:

"The general purpose of the act of 1929 was to put a tax upon property transferred by will, by the statutes of descent and distribution, and by conveyances or assignments made in contemplation of death. The lawmakers had in mind, generally speaking, property over which the owner had a complete power of disposition—property that he could will, property that he could convey, or property that would pass under the laws of descent and distribution in the absence of a will or conveyance. In all cases in which property not of this nature was dealt with by the act, such property appears to have been specifically named." 166 Tenn. 339-340, 61 S.W.2d 461.

After pointing out that the Act specifically treated property of such special nature as joint property, life insurance, revocable trusts and dower and curtesy, Chief Justice Green continued to say:

"The right of action for death by wrongful act, like dower, curtesy, and other rights specifically mentioned in the statute, is property that cannot be dealt with by the owner as he can deal with his property generally. * * * It seems to us, if the Legislature had intended to levy this tax upon the right [of action] it would have been explicit as it was with respect to dower, curtesy, and such interests. Under a familiar rule, the transfer of such a right * * * is excluded." 166 Tenn. 340, 61 S.W.2d 461.

We feel this case to be dispositive of the issue before us. Manifestly, Mr. Lewis' property rights in the retirement benefits did not approach a power of complete disposition; indeed, substantially all he could do with it was to select a survivorship beneficiary. He could not alienate the benefits; he could not dispose of them by will;

they would not pass under the intestacy laws; and they had no surrender value. Certainly he could not deal with them as he could with his property generally.

■■ No matter what the meaning of "property" may be under transfer statutes of other states, such a special property right as Mr. Lewis had in the retirement plans is clearly not "property" for the purposes of the Tennessee statute. As was the property rights in *McCabe,* supra, the survivorship benefits are excluded from the coverage of the inheritance tax statutes unless, as in the case of curtesy, dower, and other special rights, they have been specifically treated by the legislature.

## Assignment II.

A major part of argument by both counsel was directed to the question of whether the inheritance tax laws do, in fact, specifically subject property such as the survivorship benefits to taxation. Appellee contends that T.C.A. sec. 30-1604 accomplishes that result. That section, insofar as pertinent, reads as follows:

"30-1604. *Life Insurance.*—If the decedent was a resident of this state, there shall be included in the gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate, or in such manner as to be subject to claims against his estate and to distributtion as a part thereof; provided, however, that there shall be exempt from the provisions of secs. 30-1601—30-1637 the proceeds of such policies as may be payable to Class A beneficiaries of the decedent and/or to his estate or, the executor(s) or administrator(s) thereof (whether or not subject to claims against his estate) for the benefit of such and/ or to a trustee, contractual, appointive or by will for

such, to the extent of forty thousand dollars ($40,000);
and provided, further, that there shall be exempt from
the provisions of secs. 30-1601—30-1637 the proceeds
of policies, irrespective of the amount thereof, upon the
life of any person who was at the time of death, or
prior thereto had been a member of the armed service
of the United States, where such policies are payable
by the government of the United States.

"This section shall include the proceeds of insurance
policies commonly known as 'paid-up' contracts or
'investment contracts' or 'annuity contracts' or similar
types or forms of policies, the surrender value of
which was subject to the control of the decedent prior
to death."

Appellant's brief and argument, as well as our own
research, raise considerable doubt as to whether sur-
vivorship retirement benefits may in any way be con-
sidered as "proceeds of insurance policies known as
annuity contracts." It is far from clear that these benefits
are derived from either "annuity contracts"[1] or, espe-
cially, from "insurance policies known as * * * annuity
contracts".[2] Considering that we are compelled strictly

[1] A distinction has been drawn between pension and annuity re-
tirement plans, the basic difference being that the pension plans are
principally or entirely employer funded, while in the annuity plans
"the members make payments on an actuarial basis and receive bene-
fits in direct proportion to the payments made". 4 Am.Jur.2d Annuities,
sec. 2, 407-408.

[2] There is a definite, well settled distinction in the law between
annuity contracts and insurance policies; the risks involved in each
case are fundamentally different. Vance, Insurance, p. 88, (Anderson,
3rd Ed. 1951). Almost unanimously, other jurisdictions have held that
estate or inheritance tax statutes applicable to "insurance policies"
do not apply to annuity contracts (or retirement plans). See cases
cited in Annotation, State Transfer, Inheritance, or Estate Tax in
Respect of Life Insurance and Annuities. 73 A.L.R.2d 157, 211-15.
While appellee insists that inclusion of the term "annuity contracts"
in the Tennessee Statute abrogates this distinction, a perfectly natural
reading of the statute would impose the inheritance tax on the pro-
ceeds of life insurance policies which, as is commonly done, are paid
in monthly or yearly instalments rather than in lump sums.

to construe the statute in favor of the taxpayer, this in itself might be sufficient for us to hold in favor of appellant. It is unnecessary for us to do so, however, since the statute in any event would not apply to the survivorship benefits.

■ In order for the statute to have application the "insurance policy commonly known as * * * an annuity contract" must have a surrender value controlled by the decedent. Appellee argues that "it is absolutely pointless to argue about the presence or absence of surrender value when the record conclusively demonstrates that every incident of the annuity contracts in question which had any value belonged to decedent during his lifetime * * *." It is indeed pointless to argue about it, for clearly there is no surrender value involved. "Surrender value" or "cash surrender value" are terms well understood in insurance law. There is no surrender value under a contract of insurance unless specifically provided for in the contract or by law. 45 C.J.S. Insurance secs. 460 and 640; Couch, Insurance, sec. 32; (Anderson, 2d Ed. 1961); Vance, Insurance p. 88 (Anderson, 3rd Ed. 1951). Appellee does not assert that the "annuity contracts" in question provide for a surrender value, and annuity contracts are specifically exempted in Tennessee from statutes imposing a surrender value requirement. T.C.A. sec. 56-1113(9). Mr. Lewis may indeed have controlled all the valuable incidents of the retirement plan, but those incidents did not include a surrender value, and thus sec. 30-1604 cannot apply. Appellee's argument concerning control might well be directed to the legislature should they consider revising the inheritance tax statutes so as to reach the kind of property in question, but it can in no way change the language of the statute as it now exists.

Our disposition of the first two assignments of error make it unnecessary to consider the third.

In sum, this is a case in which it would be possible, even logical, to apply the tax. But logicality is not the measure of our duty. Our duty is laid out by the language of the statute and our cases construing it, and under these the tax does not apply.

This conclusion is reasonable as well as lawful. Pensions and retirement benefits are special kinds of property rights. So their taxation should come about only after legislative consideration of all applicable factors, and then on a basis having some connection with these factors. They should not be taxed by a statute in which, while other special property rights are named and special tax bases are provided therefor, they are not even mentioned.

The bill is sustained and appellant is awarded a decree according to its prayers.

DYER, CHIEF JUSTICE, and CHATTIN and CRESON, JUSTICES, concur.

McCANLESS, JUSTICE, not participating.