**COMMERCE UNION BANK**

v.

**Thomas D. BENSON.**

Supreme Court of Tennessee.

Aug. 6, 1973.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for appellant.

Lewis D. Pride, T. T. McCarley, Nashville, for appellee.

OPINION

McCANLESS, Justice.

The question presented for our determination is whether the transfer to his widow at his death of the interest of Richard E. Unland in the Profit Sharing and Pension Fund of Sears, Roebuck and Company Employees—which will be referred to hereinafter as the Fund—is taxable under the provisions of the Tennessee Inheritance Tax Law. Mr. Unland died June 24, 1969, and his interest in the Fund passed to his widow, Elizabeth F. Unland, as surviving beneficiary designated by an unrevoked written instrument.

The executor paid an inheritance tax of $2,133.12 which it considered was due on the value of that part of Mr. Unland's interest in the Fund which was attributable to his deposits. The Commissioner of Revenue assessed an additional tax of $7,814.21, contending that the entire interest in the Fund was subject to the tax.

The executor paid the $7,814.21 under protest and sued to recover both payments

—the $2,133.12 as well as the $7,814.21. The commissioner by his answer insisted that the tax should be computed and paid on the value of the entire interest that had passed to Mrs. Unland at her husband's death; further, that the executor had made the $2,133.12 payment voluntarily and not under protest and that, therefore, the recovery of that amount was not properly a part of the suit.

Counsel stipulated all the facts, including the correctness of a copy of the rules and regulations of the Fund, which are included in the record.

The Chancellor decreed a recovery by the executor and against the commissioner of $7,814.21 together with accrued interest thereon from the date of its payment. The commissioner has appealed.

Membership in the Fund is optional and is available to the regular employees of Sears, Roebuck and Company and its subsidiaries. Each member deposits into the Fund five per cent of his annual compensation, subject to a maximum of $750.00, and these amounts are credited to his account. The company contributes to the Fund percentages of its annual earnings, under a formula set forth in the rules and regulations and which are credited to the individual accounts of the members in accordance with their respective years of service and compensation.

Mr. Unland, when he died had made deposits to the Fund in the amount of $8,788.28, which had been credited to his account, and the company had made contributions in the amount of $20,105.27, the aggregate being $28,893.52. The amounts had been invested from time to time in accordance with the Fund's policy which is to invest the Fund so far as practicable in the common shares of the company. When Mr. Unland died, the value of the accumu-

lations to his credit was $206,621.27. This amount was paid to the widow, as surviving beneficiary.

Both the commissioner and the executor rely in support of their respective contentions on the Court's opinion in the case of Valley Fidelity Bank & Trust v. Benson, 223 Tenn. 503, 448 S.W.2d 394 [1969]. The commissioner insists that the authority of the member over his interest in the Fund is such as to remove it from the rule of that case. The executor, on the other hand, contends that under its authority the transfer to Mrs. Unland is one not subject to our inheritance tax.

As a member of the Fund Mr. Unland enjoyed certain rights and privileges with respect to his interest in it.

(1) He might designate a beneficiary and he did so.

(2) Had he not designated a beneficiary his interest would have passed to his estate.

(3) He might withdraw smaller or greater parts of the amounts credited to his account, depending on his years of continuous service, his age, and the number of years that would elapse before he should reach compulsory retirement age.

(4) He might, within five years before compulsory retirement, request the trustees to use an amount of his credit designated by him to buy for him a single premium annuity contract. The record does not show whether Mr. Unland was within five years of compulsory retirement when he died.

(5) He could vote the shares of stock credited to his account.

There are things which Mr. Unland could not have done with respect to his in-

terest in the Fund: he could not have transferred it; he could not have assigned it to another person; and he was without power to pledge or hypothecate it. It could not be made subject to and could not be reached by any legal process in satisfaction of any of his debts or obligations.

The Court in the *Valley Fidelity* case relied on the opinion by Chief Justice Green in Commerce Union Bank v. McCabe, 166 Tenn. 337, 61 S.W.2d 460 [1933], in which it was said:

"The general purpose of the Act of 1929 was to put a tax upon property transferred by will, by the statutes of descent and distribution, and by conveyances or assignments made in contemplation of death. The lawmakers had in mind, generally speaking, property over which the owner had a complete power of disposition. Property that he could will, property that he could convey, or property that would pass under the laws of descent and distribution in the absence of a will or conveyance. In all cases in which property not of this nature was dealt with by the Act, such property appears to have been specifically named. Thus section 1261 of the Code (§ 30–1603, T.C.A.) deals with property held jointly, where there is a right of survivorship, and puts a tax upon the share of the property belonging to the decedent and going to the survivor. Section 1261a (§ 30–1603a, T.C.A.) puts a tax upon the passing of life insurance (with certain exemptions) even to named beneficiaries. Section 1262 (§ 30–1605, T.C.A.) deals with property included in revocable trusts, and section 1264 (§ 30–1607, T.C.A.) deals with dower and curtesy, and taxes the vesting of dower in a wife upon the death of her husband and the vesting of curtesy in a husband upon the death of his wife."

In Valley Fidelity Bank & Trust v. Benson, supra, the following appears:

"In short, we must seek to give to these statutes the effect plainly intended by the legislature, but only that effect; where any doubt arises the question will be resolved in favor of the taxpayer."

Under the authority of Commerce Union Bank v. McCabe, supra, and of Valley Fidelity Bank & Trust v. Benson, supra, we hold that the transfer of Mr. Unland's interest in the Fund which accrued at his death was a transfer of such a nature as not to be included within the provisions of the Inheritance Tax Law.

We dismiss the commissioner's appeal and affirm the Chancellor's decree.

DYER, C. J., and CHATTIN, HUMPHREYS and FONES, JJ., concur.