Betty Lewis MERCY, etc.,
Plaintiff-Appellant,

v.

Martha B. OLSEN, etc.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Nashville.

June 4, 1984.

James T. O'Hare, Nashville, for plaintiff-appellant.

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

This is an inheritance tax case which raises issues concerning the treatment of life insurance proceeds and transfers made within the three year period prior to the decedent's death. The executrix of the estate brought suit against the Commissioner of Revenue to recover the disputed inheritance taxes. The Chancellor granted the Commissioner's motion for summary judgment and dismissed the complaint. The plaintiff now appeals the order of dismissal.

On April 12, 1979, the decedent, L. George Mercy, created an irrevocable trust naming his wife and three children as beneficiaries. He transferred to the trust four life insurance policies. At the time of the transfer, the policies had a cash surrender value of $17,460.10. During 1979, the decedent also transferred to his wife 1,000 shares of stock and $5,498.50 in cash.

On March 14, 1980, Mr. Mercy died. His wife was appointed executrix of the estate. She submitted an inheritance tax return and paid $25,351.00 in inheritance tax. The return did not include in the gross estate the proceeds of the four insurance policies. It also did not include one-half of the value

of both the stock and the cash gifts the decedent transferred to his wife in 1979. The defendant included these items in the gross estate and assessed the plaintiff additional taxes and interest. The plaintiff paid this assessment under protest and instituted this suit for recovery.

T.C.A., § 30–1601(a)(1)(D) (now T.C.A., § 67–8–303), sets out the types of property generally subject to Tennessee inheritance tax. It specifically provides for a tax on proceeds of life insurance policies. At all times pertinent to this lawsuit, T.C.A., § 30–1602, provided in relevant part:

"30–1602. *Transfers taxable.*—The transfers enumerated in § 30–1601 shall be taxable if made—

\*      \*      \*      \*      \*      \*

"(c) By gift of the decedent to the extent of the value of any interest in property transferred, by trust or otherwise, during the three (3) year period ending on the date of the decedent's death. Property for purposes of this subdivision shall include any property specified in § 30–1601(a) for residents and § 30–1601(b) for nonresidents. This subdivision shall not apply to any bona fide sale for an adequate and full consideration, nor to any gift excludable in computing taxable gifts under § 67–2505."

The Chancellor found that the transfer of the policies constituted a transfer of life insurance proceeds within the meaning of § 30–1601(a)(1)(D). The Chancellor then held that the proceeds should be included in the gross estate under § 30–1602(c) since the policies were transferred to the trust within three years of death.

In challenging this ruling, the plaintiff points out that § 30–1601(a)(1)(D) provides for the taxation of the proceeds of life insurance policies "except as hereinafter provided." She contends that T.C.A., § 30–1604 (now T.C.A., § 67–8–306), contains such an exception applicable to her case.

Section 30–1604 provides in pertinent part:

"If the decedent was a resident of this state, there shall be included in the gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate, or in such manner as to be subject to claims against his estate and to distribution as a part thereof.

"This section shall include the proceeds of insurance policies commonly known as 'paid-up' contracts or 'investment contracts' or 'annuity contracts' or similar types or forms of policies, the surrender value of which was subject to the control of the decedent prior to death."

The plaintiff argues that the second paragraph of this section limits taxation of proceeds to those policies the surrender value of which was controlled by the decedent prior to death. Since the decedent in this case relinquished control of the surrender value of the policies prior to death, the plaintiff contends that the proceeds are not proceeds for the purposes of § 30–1604 and thus are excepted from inclusion in the gross estate under § 30–1601(a)(1)(D). We disagree.

■ In construing a statute, words are to be taken in their natural and ordinary sense. *Oliver v. King*, 612 S.W.2d 152 (Tenn.1981). According to its plain meaning, the § 30–1604 requirement regarding control of surrender value does not apply to all life insurance policies, but only to those policies "commonly known as 'paid-up' contracts or 'investment contracts' or 'annuity contracts' or similar types or forms of policies."

■ This reading of the statute is consistent with its purpose. It is generally held that an annuity contract is not a contract of insurance. Vance, Insurance, p. 88 (Anderson 3d ed. 1951) and cases there cited. As this Court noted in *Valley Fidelity Bank & Trust Co. v. Benson,*

"[a]lmost unanimously, other jurisdictions have held that estate or inheritance tax statutes applicable to 'insurance policies' do not apply to annuity contracts (or retirement plans). See cases cited in Annotation, State Transfer, Inheritance or Estate Tax in Respect of Life Insurance and Annuities. 73 A.L.R.2d 157, 211–

15." 223 Tenn. 503, 448 S.W.2d 394, 399 n. 2 (1969)

Section 30–1604 recognizes this distinction between insurance policies and annuities, and provides for the taxation of survivorship benefits in connection with the latter only when the decedent retains control of the surrender value of the annuity prior to death. *Id.*, 448 S.W.2d at 399.

The instant case does not involve an annuity or other contract mentioned in the second paragraph of § 30–1604. On the other hand, the policies are "payable to named beneficiaries." Thus, the proceeds should be included in the gross estate under §§ 30–1602 and 30–1604.

■ The next issue raised is whether the policies should be valued as of the date of their transfer to the trust or as of the date of the decedent's death. If valued at the date of transfer, only the cash surrender value of the policies would be included in the gross estate. But if valued at the date of death the entire proceeds would be so included.

T.C.A., § 30–1621 (now T.C.A., § 67–8–412), is dispositive of this issue. It provides for the valuation of "all property real and personal" as of the date of death and contains no exception for transfers made within three years of death.

In addition, the purpose of § 30–1602(c) is to bring into the estate property specified in § 30–1601 which is transferred in the three years prior to death. Section 30–1601 does not refer to the cash surrender value of life insurance policies, but rather refers specifically to "proceeds." *See also, In re Estate of Silverman,* 521 F.2d 574 (2d Cir.1975) (holding that a life insurance policy transferred in contemplation of death is valued as of date of death, not as of date of transfer, for federal estate tax purposes).

The next issue involves the construction of the language in § 30–1602(c) which provided that "[t]he subsection shall not apply ... to any gift *excludable* in computing taxable gifts under § 67–2505." (Empha-

sis supplied.) At times pertinent to this case, § 67–2505, provided in relevant part:

"(a) There shall be allowed against the net gifts made during any calendar year a maximum single exemption of ten thousand dollars ($10,000) against that portion of the next gifts going to donees of Class A and a maximum single exemption of five thousand dollars ($5,000) against that portion of the next gifts going to donees of Class B. In the event the aggregate net gifts for any calendar year exceed the maximum single exemptions set out herein, the tax shall be applicable only to the extent that the gifts (other than gifts of future interests in property) to each donee exceed three thousand dollars ($3,000), but the total exemption allowable shall not be less than the maximum single exemption set out in the preceding sentence.

\*    \*    \*    \*    \*    \*

"(c) Where a donor transfers during the calendar year by gift an interest in any property specified in § 67–2501 to a donee who at the time of the gift is the donor's spouse, there shall be allowed as a deduction in computing taxable gifts an amount equal to one-half (½) of the gift. The provisions of § 2523(b), (c), (d) and (e) of the Internal Revenue Code shall be applicable to this deduction."

The plaintiff submits that she is entitled to exclude $12,000.00 from the gross estate under § 67–2505(a), an amount arrived at by virtue of a $3,000.00 exemption for each of the four beneficiaries of the life insurance trust. In addition, she claims that under the marital deduction provisions of § 67–2505(c), one-half of the cash and stock given her by the decedent in 1979 should also be excluded.

The difficulty raised by this issue is that, whereas, § 30–1602(c) speaks of transfers "excludable," § 67–2505 mentions only exemptions and deductions, not exclusions. For this reason, the Chancellor held that in effect § 30–1602(c) did not grant any exclusions.

■■ In construing statutes, this Court must give effect to the legislative intent, which is fundamental and paramount. *Hamilton Nat. Bank v. McCanless,* 176 Tenn. 570, 144 S.W.2d 768, 770 (1940). It is manifest that the legislature did intend something to be excluded by § 30–1602(c), although the nature of the exclusion remains to be determined. In reaching this conclusion, we are also guided by the rule that a statute should not be interpreted in a manner rendering it meaningless or useless. *Hoyer-Schlesinger-Turner, Inc. v. Benson,* 479 S.W.2d 223, 225 (Tenn.1972).

The Commissioner, indeed, apparently concedes that the Chancellor's interpretation of the statute is erroneous. She argues instead that § 30–1602(c) only excludes certain exemptions under subsection (a) of § 67–2505, but that it does not exclude the marital deduction found in subsection (c).

The difficulty with this argument is that § 30–1602(c) on its face makes no distinction between subsections (a) and (c). We see no basis for departing from the language of § 30–1602(c) which refers to the whole of § 67–2505. We also note that in 1983, the General Assembly amended § 30–1602(c) limiting its exclusions to "the exemptions provided for under § 67–2505(a)." 1983 Tenn.Pub. Acts, ch. 73. In our view, this amendment amounted to a recognition that § 30–1602(c) previously excluded both the exemptions of subsection (a) and the marital deduction of subsection (c). Although the construction of statutes is exclusively a judicial function, this legislative interpretation of the prior statute is entitled to respectful consideration. *See State ex rel. Barksdale v. Wilson,* 194 Tenn. 140, 250 S.W.2d 49, 51 (1952).

Finally, the Commissioner contends that the § 30–1602(c) exclusion of § 67–2505(a) gifts applies only to those gifts for which no gift tax return is required to be filed. This is the so-called *de minimis* theory under which the gift is either under $3,000.00 and entirely excludable or over $3,000.00 with nothing excludable. The competing argument advanced by the plaintiff, is the "subtraction out" theory. According to this theory, the taxpayer is entitled to the $3,000.00 exemption, even if the gift in question exceeds $3,000.00. *See generally, Ceppi v. Commissioner,* 698 F.2d 17 (1st Cir.1983) for discussion of these theories with respect to federal estate tax law.

Although this Court in the past has turned to analogous federal law in construing our statutes governing gifts made in contemplation of death, it is unnecessary to do so here. *See Barry v. Woods,* 594 S.W.2d 687 (Tenn.1980). According to § 67–2505(a), the gift tax applies "only to the extent" the gift to each donee exceeds $3,000.00. This language clearly evinces a legislative intent to employ the subtraction out theory in calculating the exemption under subsection (a). Thus, in calculating the value of the gifts brought back into the decedent's estate under § 30–1602(c), the plaintiff is entitled to a $3,000.00 exemption for each of the four beneficiaries of the life insurance trust.

■ In summary, we affirm the Chancellor's holding that the life insurance proceeds are includable in the gross estate. We hold, however, that the plaintiff is entitled to exclude from the gross estate applicable exemptions under § 67–2505(a) and applicable deductions under § 67–2505(c).

The judgment of the Chancellor is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are adjudged one-half against the appellant and one-half against the appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.