IN RE ESTATE of GEORGE M. ABERNATHY, deceased.

MAMIE L. ABERNATHY and STANTON ABERNATHY,
Executors,

*v.*

B. J. BOYD, Commissioner of Finance and Taxation
for the State of Tennessee.

364 S. W. 2d 350.

(*Nashville,* December Term, 1961.)

Opinion filed December 7, 1962.

Rehearing Denied February 7, 1963.

McCloy, Myar & Wellford, Memphis, for appellants.

George F. McCanless, Attorney General, Milton P. Rice, Assistant Attorney General, Nashville, for appellee.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a revenue case and involves certain money paid to the Commissioner by the above named executors under protest.

Mr. Abernathy died testate on June 22, 1956, and was at the time of his death a resident of Memphis. Following decedent's death his representatives paid to the Commissioner an inheritance tax in the sum of $2,360.00.

Complainants excluded from said return one-half of the value of certain real estate and government

bonds held by decedent and wife as tenants by the entireties. The Commissioner made demand upon complainants for an additional inheritance tax in the sum of $1,789.37 plus interest. This amount was paid under protest and this suit for recovery seasonably instituted.

The proof shows that the decedent's estate was very largely founded upon a real estate venture entered upon in 1944, when decedent acquired a 38-acre tract of land in Memphis, known as the "American Car and Foundry property."

Said purchase was financed entirely by a loan from Doctor Everett, his friend and family physician, in the amount of $60,000.00. This loan was evidenced by notes executed by decedent only. It was secured by a deed of trust to the property, in which Mrs. Abernathy joined. She took no part however in the negotiations between decedent and Doctor Everett.

The real estate venture proved very successful, decedent developing and selling the land in parcels at a good profit. All proceeds from sales or rentals of the various properties so held were placed in joint bank accounts. At the time of decedent's death, said jointly owned real estate had a net value of $61,889.55.

Decedent's entire lifetime, excepting a few early years, was spent in the real estate business, either as a salesman or broker, or trading for his own account. Mrs. Abernathy never worked during the marriage, either in her husband's business or elsewhere. When she married, she had no independent estate, and she never inherited any money during decedent's lifetime. She never independently bought or sold any real estate.

The government bonds included in the estate for inheritance tax purposes were Series "E" bonds in the amount of $422.72 of which complainant disputed the inclusion of one-half claimed to have belonged to Mrs. Abernathy. All of these bonds were in the names of Mr. and Mrs. Abernathy.

The cause was heard before the Chancellor upon the bill, answer and depositions of witnesses, and the Chancellor entered a decree holding complainants liable for inheritance taxes with respect to the entire value of the jointly owned property and dismissing the bill.

In disposing of the cause the Chancellor wrote a short opinion in which he stated that the ruling set out in *Murfreesboro Bank & Trust Company v. Evans,* 193 Tenn. 34, 241 S.W.2d 862, was controlling in this cause.

He said it was clear from the record that Mrs. Abernathy made no financial contribution to her husband's real estate venture, which resulted in creating this large estate. That it was clear the estate had as its basis the purchase of the American Car & Foundry property to which Mrs. Abernathy contributed nothing, and the Chancellor held for the state.

Where decedent paid the entire purchase price for property conveyed to himself and his wife as tenants by the entireties, the entire property was properly included in his gross estate for inheritance tax purposes. *Murfreesboro Bank & Trust Co. v. Evans,* supra.

In the Murfreesboro Bank & Trust Company cause decedent and wife were owners as tenants by the entireties of a piece of real estate valued at $67,000.00. Decedent

had acquired this property with his own funds, his wife contributing nothing thereto.

It was contended there that the conveyance of the property to the husband and wife in this manner constituted a gift by the husband to the wife of one-half the value of said property, and afforded her an interest to that extent which vested in her as of the time of the deed, with the result that upon decedent's death she owned an undivided one-half interest in it, and by virtue of his death acquired only his undivided one-half. These circumstances entitled the State to measure the inheritance tax by only one-half the value of the property.

It was held by this Court under Section 30-1603, T.C.A. that it required there be included for purposes of inheritance taxation that portion of the joint estate shown clearly to have belonged to the decedent; and that the question of to whom the property, or any protion thereof, belonged was to be resolved by reference to who paid for it.

In the Murfreesboro case above cited, it was stated if the decedent furnished all of the money in the joint estate the entire property should be included in the gross estate for inheritance tax purposes.

In this connection see Section 30-1603, T.C.A.; and *Mitchell v. Carson*, 186 Tenn. 228, 209 S.W.2d 20.

It results that we find no error in the decree of the Chancellor and it is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.