**Carolyn J. PIERCE, Appellant,**

v.

**Jayne Ann WOODS, Commissioner of the Department of Revenue for the State of Tennessee, Appellee.**

Supreme Court of Tennessee.

Feb. 25, 1980.

Rehearing Denied April 21, 1980.

**296**

Anna F. Hinds, Stone & Hinds, P. C., Knoxville, for appellant.

Joe C. Peel, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

OPINION

BROCK, Chief Justice.

James W. Pierce and Carolyn J. Pierce were husband and wife at the time of his death in 1976. They had been married eighteen years and were the parents of three children. She was gainfully employed during approximately twelve years of their marriage and he for virtually the entire time.

They comingled all funds, maintaining joint savings and checking accounts. She wrote all checks for the payment of bills and, in general, was the business manager of the marital partnership. All purchasers and payments were made from joint accounts. At the time of his death they owned, in their joint names, some U. S. Series E bonds, two automobiles and their residence.

During their marriage Carolyn Pierce, in addition to serving as managing partner for finances, also did all housework, maintained the yard, and performed all chores in connection with rearing the children and seeing to their proper education and upbringing. All this was without the employment of household or yard assistance.

Their residence was acquired in 1967, the eighth year of their marriage. The monthly payments were $109.60. All were made by check, signed by Carolyn Pierce, drawn on their joint bank account.

On the inheritance tax return filed with the State Department of Revenue following Mr. Pierce's death the widow reported fifty (50%) percent of the value of the property held as tenants by the entirety. The Department disagreed and determined that during the marriage the husband had earned ninety-two (92%) percent of the money and the wife only eight (8%) percent. An adjustment of the taxable estate was made on that basis and the additional assessment was paid under protest. The widow seeks a refund.

The death of the husband, Mr. Pierce, was a taxable event that subjected some portion of the estate by the entireties to the inheritance tax imposed by T.C.A., §§ 30–1601 et seq.; but, we do not agree with the contention of the State that the portion subject to the inheritance tax is 92% of the value of the property held as tenants by the entireties.

In *Valley Fidelity Bank & Trust Company v. Benson*, 223 Tenn. 503, 448 S.W.2d 394 (1969), this Court said with respect to our inheritance tax statutes:

"In short, we must seek to give to these statutes the effect plainly intended by the legislature, but only that effect; where any doubt arises the question will be resolved in favor of the taxpayer." 448 S.W.2d at 396.

That statement was quoted with approval in *Commerce Union Bank v. Benson*, Tenn., 495 S.W.2d 537, 539 (1973).

The pertinent statutory language is as follows:

"Whenever property was held jointly by the decedent and one (1) or more persons as joint tenants or tenants by the entirety or otherwise or was deposited in banks or other depositories in the joint names of the decedent and one (1) or more other persons and payable to one (1) or more, or to the survivor or survivors, so that, upon the death of the decedent, the survivor or survivors became entitled to the immediate possession, ownership or enjoyment of such property, there shall be included for taxation such part as may be clearly shown to have belonged to decedent, and in the absence of such showing, then

"(a) A fractional part of the value of such property, to be determined by dividing the value of the entire property by the number of persons in whose joint names it was held; . . .." T.C.A., § 30–1603.

The real estate here in question was held by Mr. & Mrs. Pierce as tenants by the entireties; therefore, some portion of the value thereof became taxable upon the death of Mr. Pierce since the statute clearly subjects to taxation "property . . . held jointly by the decedent and one (1) or more persons as . . . tenants by the entirety . . .." *See: Murfreesboro Bank & Trust Co. v. Evans*, 193 Tenn. 34, 241 S.W.2d 862 (1951); *In Re Abernathy's Estate*, 211 Tenn. 168, 364 S.W.2d 350 (1962).

We find nothing in the statutory language to support the conclusion that 92% of the value of the property held as tenants by the entireties, rather than 50% thereof, should be subjected to taxation by virtue of the death of Mr. Pierce. The statute subjects to taxation only

". . . such part as may be clearly shown to have belonged to decedent, and in the absence of such showing, then (a) a fractional part of the value of such property, to be determined by dividing the value of the entire property by the number of persons in whose joint names it was held; . . .."

The word "belong" is defined in *The American Heritage Dictionary of the English Language* as follows: "To be the property or concern of." There is nothing in the record to show that any greater interest in the subject property "belonged to decedent" than belonged to the survivor, Mrs. Pierce. Indeed, when property is held by husband and wife as tenants by the entireties each owns an equal interest in the property; it is impossible for more than 50% of the value of such an estate to "belong" to the decedent spouse. *Robinson v. Trousdale County*, Tenn., 516 S.W.2d 626 (1974).

This being the case, the statute clearly defines that part of the estate to be included for tax purposes as follows:

"A fractional part of the value of such property, to be determined by dividing the value of the entire property by the number of persons in whose joint name it was held; . . .."

Since the number of persons holding an estate by the entireties is two in number, it is clear that 50%, and no more, of the value of property held as tenants by the entireties is to be included in the taxable estate of the decedent spouse.

We reach this conclusion fully mindful of the fact that this Court held to the contrary in *Murfreesboro Bank & Trust Co. v. Evans, supra*, and *In Re Abernathy's Estate, supra*. One always concludes with reluctance that a prior decision of this Court was in error but we cannot escape that conclusion with respect to those two decisions. We are unwilling to perpetuate their error. There simply is nothing in the statute to justify the conclusion reached in those decisions that

". . . the question of to whom the property, or any portion thereof, belonged was to be resolved by reference to who paid for it." 364 S.W.2d at 351.

The taxing statute with which we deal does not define the taxable estate in terms of the amount contributed by the decedent toward its purchase price, as is true in the statutes of some other jurisdictions, but, on the contrary, defines the estate in terms of the ownership interest vested in the decedent at the time of death.

In our opinion the Court in the *Evans* and *Abernathy* cases, *supra*, went beyond mere statutory interpretation and, in effect, rewrote the statute insofar as it pertains to real property held as tenants by the entireties. Rather than dividing the value of the whole property by the number of persons in whose joint names it was held to determine the portion thereof taxable to the decedent, as directed by the statute, the Court determined that the taxable portion should be determined by attributing to the decedent the ownership of so much of the value of the property as was attributable to the decedent's share of the consideration paid for acquisition of the property. Not only is this determination of the Court contrary to the plain dictates of the statute, it is grossly unfair to the surviving spouse who in the vast majority of cases is the widow whose "contribution" toward the purchase price is often not as easily and concretely demonstrated as is that of the husband. To say that 92% of the value of the property here held by Mr. & Mrs. Pierce as tenants by the entireties belonged to Mr. Pierce and only 8% to Mrs. Pierce is pure fiction and for the Court to determine tax liability in this case upon that basis is unwarranted by the statute and is unjust.

Accordingly, we reverse the decree of the trial court and hold that only 50% of the value of the property held by the Pierces as tenants by the entireties at the time of the death of Mr. Pierce is subject to the inheritance tax in this case.

FONES and HENRY, JJ., concur.

HARBISON, J., dissenting in which COOPER, J., joins.

HARBISON, Justice, dissenting.

I respectfully dissent.

It was stipulated in this case that although both the husband and wife worked during their marriage, the earnings of the husband constituted ninety-two percent of their gross receipts and that he contributed that percentage of the purchase price of their residence, taxation of which is now in dispute.

Insofar as the majority seem to conclude, contrary to the stipulation of the parties, that as a matter of fact the contributions of the wife, economic and otherwise, justify taxing only fifty percent of the value of the residence in the husband's estate, I have no particular objection. The total amount of tax in dispute between the parties is $475.20. Surely neither the State nor the taxpayer can be seriously affected by the result of this particular case.

However, insofar as the Court purports to overrule earlier decisions and to depart from a settled interpretation of the inheritance tax statute which was adopted by the Department of Revenue in 1942 and expressly approved by this Court in 1951, I respectfully dissent and believe that the present Court, not its predecessor, is in error. This decision will have a serious impact upon tax planning for the disposition of large estates and will result, in every case, in a tax upon one hundred and fifty percent of the value of jointly owned property if retained until the death of the survivor of a married couple. The existing rule, which is the same as the federal rule has been since 1916, permits planning for the taxation of jointly held property in such a way that it may escape taxation entirely when the first joint tenant dies and thus may be taxed to the married couple only once.

Further, I think that the majority is quite mistaken in its present determination that error was committed by Hon. Harry Phillips, when, in his opinion in May 1942, he gave an interpretation to the Tennessee

statute which was consistent with the federal estate tax rule. Nor can I agree that our predecessors on this Court were in error in approving that interpretation. The construction which the majority now adopts was that which had been followed in Tennessee from the enactment of the inheritance tax statute in 1929 until General Phillips rendered his opinion in 1942.[1]

The opinion of General Phillips is referred to in the 1951 decision of this Court, *Murfreesboro Bank & Trust Co. v. Evans*, 193 Tenn. 34, 241 S.W.2d 862 (1951). The full text of his opinion is attached to the assignments of error filed on behalf of appellant. He recognized the potential inequity of the rule which the majority now adopts and which had been followed in the state until the release of his opinion. The facts which he faced were these: A married couple had a large bank account of over $200,000 in their joint names. The husband died. All of the funds in the account were contributed by the wife and were traceable to her. Nevertheless, under the rule previously followed—and under that which the Court now once more adopts—one-half of the wife's funds would have been taxed in the husband's already large estate. His estate would have been required to pay tax on that amount, even though not one penny of the funds was traceable to him or had been contributed by him. This struck General Phillips as a gross inequity to both spouses—not just the husband—and led him to reconsider the prior construction of the Tennessee statute. The wording of that statute has remained unchanged since 1929, and it was identical in 1942 to its present form. For this Court to assume that General Phillips made an error in his interpre-

tation and that the earlier rule followed in this state was correct is a conclusion in which I cannot concur and which I think that the majority has reached without proper consideration. The opinion of General Phillips is reproduced as an appendix to this dissent.

As pointed out in that opinion, the Supreme Court of the United States, in two cases decided in 1930 and 1939, had given a settled and authoritative interpretation to similar federal legislation respecting the taxation of property jointly held by married persons. One of these cases involved tenancy by the entireties and the other joint tenancy with right of survivorship. *See Tyler v. United States*, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991 (1930); *United States v. Jacobs*, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939).

In these cases, the common-law property concepts of estates by the entirety and of joint tenancy with right of survivorship were considered in detail by the Supreme Court of the United States. The taxpayers in those cases insisted that, by reason of the common-law attributes of those estates in property, there was no taxable transfer to the survivor upon the death of the first tenant, and, indeed, that it was a violation of constitutional law—due process, *inter alia*,—for Congress to attempt to impose taxation upon the death of the first of the joint tenants. These contentions were rejected out of hand by the United States Supreme Court, which held that the taxing power is not limited by theoretical concepts of estates in property and that it may be exercised whenever there is a factual or practical transfer of ownership or the right of control.[2]

---

1. Judge Phillips was then Assistant Attorney General of the state. He later served as a member and as Chief Judge of the United States Court of Appeals for the Sixth Circuit. He is a highly respected member of the bar and a legal scholar. He edited the state's most authoritative text on probate and administration of estates, *Pritchard's Law of Wills and Administration of Estates* (3d ed. 1955).

2. "According to the amiable fiction of the common law, adhered to in Pennsylvania and Maryland, husband and wife are but one per-

son, and the point made is that, by the death of one party to this unit, no interest in property held by them as tenants by the entirety passes to the other. This view, when applied to a taxing act, seems quite unsubstantial. The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. Whether that power has been properly exercised in the present instance must be determined by the actual results brought about by the death, rath-

The rule adopted in those cases has consistently been followed in federal estate taxation for the ensuing half century. While the wording of the federal statutes and that of the Tennessee statute now in question were not identical, General Phillips found them to be similar and found the federal rule to be more consonant with equity and practicality than the former Tennessee rule which automatically taxed fifty percent of the value of jointly held property in the estate of the first to die. He proposed changes in the regulations accordingly, and these were expressly approved by this Court in a carefully considered decision, *Murfreesboro Bank & Trust Co. v. Evans*, 193 Tenn. 34, 241 S.W.2d 862 (1951). This rule was again considered and applied in the case of *In re Abernathy's Estate*, 211 Tenn. 168, 364 S.W.2d 350 (1962).

The General Assembly of Tennessee has met repeatedly since the *Murfreesboro Bank & Trust Co.* decision was rendered. If the interpretation given to the inheritance tax law by the Court in that case were not in accord with the legislative will, there has been abundant opportunity for the General Assembly to change the rule. Literally thousands of estates have been planned, taxed and administered upon the basis thereof. For this Court, suddenly and without any predicate whatever, to announce that it is changing a settled rule of statutory interpretation and construction seems to me quite erroneous.

Nothing in the case of *Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974) bears upon this case, in my opinion. That was not a tax case, and it did not deal with the devolution of property upon the death of either tenant by the entirety. It merely reconsidered earlier Tennessee law upon the subject of tenancy by the entirety and corrected some aberrations which had crept

into it in some prior decisions. In my opinion, it restated and reiterated the orthodox theory of tenancy by the entirety that neither spouse is the dominant tenant and that during their joint lives each spouse has an equal right of control over property so held.

The assumption by the majority that the rule adopted in 1942 is "grossly unfair to the surviving spouse" is, in my opinion, entirely unfounded. Possibly it could have so operated in some circumstances involving smaller estates prior to the adoption of a marital deduction in Tennessee. The state now has a generous marital deduction, however, T.C.A. § 30–1608(f), as well as an increased specific exemption for Class A Beneficiaries, T.C.A. § 30–1609. Consequently, it is only the large estate, which requires special expertise and planning in order to cope with the major impact of death taxation, which will be affected by the rule adopted today.[3] Most estate planners discourage the holding of property in tenancy by the entirety, but it is such a popular and convenient form of ownership that many taxpayers own at least a portion of their assets in this form. The effect of the present decision upon estates now in the process of administration but not yet closed is a problem not touched upon by the majority, but the impact, both upon the Department of Revenue and upon some taxpayers, may be serious.

If there has been any trend detectable in revisions of the Tennessee inheritance tax laws over the past several years, it has been the expression of legislative policy to conform rules of taxation at the state level to that at the federal level, in order that tax planners, trust officers, executors and administrators will not be faced with different and conflicting rules in the valuation and treatment of property for tax pur-

er than by a consideration of the artificial rules which delimit the title, rights, and powers of tenants by the entirety at common law." *Tyler v. United States*, 281 U.S. at 503, 50 S.Ct. at 359.

"The constitutionality of an exercise of the taxing power of Congress is not to be determined by such shadowy and intricate distinc-

tions of common law property concepts and ancient fictions." *United States v. Jacobs*, 306 U.S. at 369, 59 S.Ct. at 555.

**3.** *See Note, Federal Estate and Gift Taxation of Joint Interests: Planning and Policy Perspectives*, 32 *Vand.L.Rev.* 1419 (1979).

poses.[4] The decision announced today conflicts with that trend and the underlying legislative policy. Fortunately it is a matter of statutory interpretation and one which the General Assembly can alter, if the decision announced today is not in accord with its policy and intent in this complex and technical field. In effect, the decision announced by the majority adopts for Tennessee a community property tax rule which the state does not need and for which the marital deduction was supposed to compensate and equalize.

For these reasons, I respectfully dissent from the majority decision, and I am authorized to state that Mr. Justice Cooper joins in this dissenting opinion.

## APPENDIX

May 22, 1942

Mr. George F. McCanless
Commissioner of Finance and Taxation
NASHVILLE

Dear Sir:

RE: Inheritance taxation of joint bank accounts and other property owned jointly or as tenants by the entirety— Estate of Walter L. Marr, Hamilton County

You have presented to this office the question of taxing joint bank accounts and other property owned jointly or as tenants by the entirety. The particular question involves certain joint bank accounts totaling $200,477.00 carried in the name of "Mr. or Mrs. W. L. Marr." Mr. Marr is now deceased and you inquire what method should be applied in determining what proportion of said bank accounts should be included in his gross estate for inheritance tax purposes. Since the question has never been presented to this office for an official opinion, you also request that we advise you generally as to the taxation of estates held jointly and as tenants by the entirety.

4. *See, e. g.*, T.C.A. § 30–1602(c) dealing with pre-death transfers and applying "federal regulations, rulings, and procedures." In computing the inheritance tax marital deduction the

Taxation of property held jointly is covered by Code Section 1261 as follows, with pertinent clauses underscored:

"Property held jointly.—Whenever property was held jointly by the decedent and one or more persons as joint tenants or tenants by the entirety or otherwise or was deposited in banks or other depositories in the joint names of the decedent and one or more other persons and payable to one or more, or to the survivor or survivors, so that, upon the death of the decedent, the survivor or survivors became entitled to the immediate possession, ownership or enjoyment of such property, there shall be included for taxation such part as may be clearly shown to have belonged to decedent, and in the absence of such showing, then

"(a) A fractional part of the value of such property, to be determined by dividing the value of the entire property by the number of persons in whose joint names it was held; provided, however, that if money, or other evidences of indebtedness, so deposited was subject to the individual control, or to the appropriation or use by the decedent prior to death, such circumstances shall be deemed to be prima facie evidence of the individual ownership by the decedent of the entire amount and shall be taxable as such, unless the contrary be shown."

It is the clear purpose of this section to tax that part of estates owned jointly or as tenants by the entirety *which actually belonged to the deceased tenant.* The statute disregards the *common law fiction* that tenants by the entirety constitute a unit, that the absolute title is vested in the unit, and that at the death of one tenant, no estate passes to the survivor because it was previously vested at the time the estate was created. The power of the State to tax such estates is well established. *Tyler v. United States* (1929) 281 U.S. 497, 74 L.Ed. 991, 50 S.Ct. 356, 69 A.L.R. 758; *United States v. Jacobs* (1939) 306 U.S. 363, 83 L.Ed. 763, 59 S.Ct. 551.

"limitations and definitions set out in § 2056(b) and (d) of the Internal Revenue Code shall be applicable . . . ." T.C.A. § 30–1608(f).

In other words, regardless of the legal fiction that the bank accounts in question were the joint property of Mr. and Mrs. Marr, and regardless of the vesting of the accounts in the survivor by operation of law, the Tennessee Inheritance Tax Law taxes all the accounts which were actually deposited by the decedent and which represented funds originally his own. If the accounts constitute funds originally belonging to decedent, all the accounts are taxable in their entirety. If three-fourths of the accounts consist of funds originally belonging to decedent, and the remaining one-fourth represents separate funds originally owned by Mrs. Marr, then three-fourths of the value of the accounts are taxable. If all of said accounts consist of funds originating from the separate estate of Mrs. Marr, then none of said accounts is subject to taxation as the property of the decedent.

Similarly, in the case of real property, if real estate is purchased from the earnings of the husband, but the title is taken in the name of husband and wife as tenants by the entirety, the entire estate is taxable at the death of the husband. On the other hand, if real property is purchased with the separate funds of the wife, with the title vested as tenants by the entirety, and the husband predeceases the wife, no part of such property is taxable as his estate.

In the case of the joint bank accounts in question, carried in the name of Mr. or Mrs. Marr, each tenant had individual control over all funds on deposit and the right of appropriation and use. Mr. Marr could have withdrawn all the accounts at his pleasure. His checks were honored by the bank as though the accounts were in his name exclusively. Such joint accounts come within the underscored language of the above quoted proviso, towit: "if money, * * * so deposited was subject to the individual control, or to the appropriation or use by the decedent prior to death, such circumstances shall be deemed to be prima facie evidence of the individual ownership by the decedent of the entire amount and shall be taxable as such, unless the contrary be shown." Since Mr. Marr had individual control over all such funds, and the right to

appropriate and use them at will, a prima facie case is established that the accounts were his property and were subject to taxation as a part of his estate. This prima facie evidence, however, is subject to be offset by evidence that all or a part of the funds on deposit were the individual property of the surviving widow. In the particular case, representatives of the estate contend that all of the funds on deposit in the joint accounts were the separate property of Mrs. Marr and no part thereof belonged to decedent. The burden of establishing this fact is upon the widow, and the evidence must be sufficient to overcome the prima facie case already made out. However, if the Department of Finance and Taxation is satisfied fully that all or any part of such funds constitute the individual property of the surviving widow, such part cannot be included in decedent's taxable estate. This is a question of fact to be passed upon by the Inheritance Tax Division after careful investigation.

In the case of real property, or personalty held as tenants by the entirety where neither tenant has individual control or the right of appropriation and use, the personal representative should be required to report what part of the estate originated with each tenant. In event it is impossible to ascertain what part was contributed by each tenant, then one-half of the value of the estate should be taxed. This would be true where the decedent and spouse acquired the property by will or gift as tenants by the entirety or where the separately owned funds of both tenants were represented in the jointly held property in unascertainable proportions. In the case of joint estates owned by more than two tenants, where the share contributed by each is unascertainable the taxable portion should be determined by dividing the value of the entire property by the number of persons in whose joint names it was held.

We might add that this is substantially the same construction placed upon Section 811(e) of the United States Internal Revenue Code, covering taxation of jointly held property under the Federal Estate Tax

Law. The language of the above quoted code section is quite similar to that of the Federal Statute. The same construction has likewise been placed upon the inheritance tax statutes of a number of the States.

In summary, you are advised that:

(1) If the decedent furnished the entire purchase price or all the funds represented in the joint estate, the entire property should be included in the gross estate for inheritance taxation purposes; (2) if the decedent furnished only a part of such funds, only a corresponding portion of the property should be so included; (3) if the decedent, prior to the acquisition of the property as joint tenants or tenants by the entirety, gave the other tenant a sum of money which later became the other tenant's contribution to the property, the entire property should be included for taxation; (4) if the decedent furnished no part of the purchase price or the funds jointly held, no part of the property should be included for taxation in his estate; (5) if the decedent and spouse acquired the property by will or gift as tenants by the entirety, or if both contributed to the purchase price and the amount of the contribution of each is unascertainable, one-half of the property should be included; (6) if the property is so held that it was subject to individual control, appropriation and use of the decedent, a prima facie case of decedent's ownership of the entire property is thereby established, and the burden of proof is on the surviving tenant to furnish satisfactory evidence to the contrary.

Yours very truly,

Harry Phillips
Field Attorney

HP:WYL