Clarence D. SALLEE,
Plaintiff/Appellant,

v.

STATE BOARD OF EDUCATION,
Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Nov. 27, 1991.

Application for Permission to Appeal
Denied by Supreme Court
March 16, 1992.

Charles Hampton White and Rebecca Wells–Demaree, Cornelius & Collins, Nashville, for plaintiff/appellant.

Charles W. Burson, Atty. Gen. & Reporter and Sarah Turrell Hood, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

F. LLOYD TATUM, Special Judge.

The appellant, Clarence D. Sallee, applied for Career Level III certification under the Comprehensive Education Reform Act of 1984 ("Act"), T.C.A. Section 49–5–5001, *et seq.* The application was denied by the State Board of Education. On appeal to the Chancery Court of Davidson County, the decision of the State Board was affirmed and the appellant has appealed to this Court.

The Act provides salary supplements for educators who are found to be "outstanding." T.C.A. Section 49–5–5002(b)(1). The statutory scheme created the State Certification Commission ("Commission"), which makes recommendations to the State Board of Education ("Board") on applications for career ladder certification. Review is conducted in part by trained evaluators who are professional educators. Should the

Commission not recommend a teacher for the level of certification that the teacher believes is deserved, the teacher may request a review of their decision by the Board. T.C.A. Section 49-5-5009(a)(1).

When a review is requested by the teacher, an Appeals Administrator (staff member) is then appointed by the Board to make a recommended decision. T.C.A. Section 49-5-5009(c). If the teacher does not agree with the recommended decision of the Appeals Administrator, the teacher may request a hearing before a Hearing Officer (Administrative Law Judge) appointed by the Board. T.C.A. Section 49-5-5009(d). The Hearing Officer makes a recommendation to the Board, but the Board makes the final decision. T.C.A. Section 49-5-5009(d). The teacher may seek judicial review of the Board's final decision under the Uniform Administrative Procedures Act. T.C.A. Section 49-5-5009(e); Section 4-5-322.

The appellant is a history teacher in Putnam County. He applied for Career Level III certification during the 1984-85 school year. He was evaluated for certification during the 1985-86 school year by three evaluators. Each of the evaluators observed the appellant teach an American History class and conducted interviews with him. The scores received by the appellant for his classroom performance, the dialogue and consensus scores of each of the evaluators for these activities, along with evaluations of the principal of the appellant's school, fellow faculty members and students, determine the overall certification score. As a result, the appellant was recommended for Career Level I certification, having received a total score of 530 points out of a possible 800 points. In order to have achieved Career Level II status, the appellant's score would have had to have reached 600 points, and, in order to have received Career Level III status, the score would have had to reach 700 points.

The appellant appealed to the Board. The Appeals Administrator (staff member) recommended that the appellant's total evaluation score be raised to 611 points and that the appellant be granted Career Level II certification. The appellant rejected this recommendation, insisting that he was entitled to Career Level III certification and requested a hearing before an Administrative Law Judge pursuant to T.C.A. Section 49-5-5009(d). The Administrative Law Judge found that appellant's score should be 573 points, thereby entitling him only to Career Level I certification. The appellant was notified that the order of the Administrative Law Judge became the final order of the Board "by operation of law," citing T.C.A. Section 4-5-318(f)(3). It does not appear that the Board acted to adopt the final order of the Administrative Law Judge.

The appellant filed a Petition for Review in the Chancery Court seeking review under the Administrative Procedures Act. After hearing oral argument, the Chancellor entered a written Memorandum Opinion, affirming the decision of the Board. The Chancellor found that the evaluation procedure did not violate the Act's directive for a fair, unbiased, and objective determination of professional competency (T.C.A. Section 49-5-5103(4)) and that there was no violation of the appellant's constitutional due process rights. The Chancellor found substantial and material evidence in the record to support the Board's decision. The Chancellor disagreed with the appellant's contention that the Administrative Law Judge erred in hearing the case *de novo* rather than reviewing the record from the Appeals Administrator. The Chancellor held that by failing to object during the administrative proceedings, the appellant had waived any objection to the Administrative Law Judge's *de novo* review.

The appellant on his appeal to this court, presents two issues:

1. The Chancellor erred in ruling that the Board's final order did not violate statutory requirements and due process.

2. The Chancellor erred in ruling that the appellant had waived his right to object to *de novo* review by the Administrative Law Judge.

In his first argument, the appellant states that the evaluation procedures employed in rating him were "subjective" and not "objective." He cites T.C.A. Section 49–5–5009(h) for the proposition that the Board shall construe the Act and regulations promulgated pursuant to it, "in favor of the person seeking review, absent substantial and material evidence to the contrary." The appellant also directs our attention to T.C.A. Section 49–5–5103(4) which states that evaluation procedures must "assure the educator a fair, unbiased, and objective determination of professional competence." We are also mindful of T.C.A. Section 49–5–5002(b)(1) which promulgates that the "New Career Ladder Program shall be designed to promote staff development among teachers, and to reward with substantial pay supplements those teachers evaluated as outstanding and who may accept additional responsibilities as applicable." It was the legislative intent in adopting the program that the salary supplements be awarded "on the basis of outstanding performance and that the standards utilized for this purpose be kept high." T.C.A. Section 49–5–5002. In his argument that the evaluation employed by the evaluators violated the requirement of "objectivity," the appellant cites various examples in his brief of instances where the evaluators used their professional judgment and experience in carrying out their duties. The training guides supplied to the evaluators by the Board instructs them to rate the teacher on a numerical scale of from 1 to 5, with a "1" if their performance was much lower than "good, average", a "5" if it was a "truly distinguished" performance which might be a "role model for other teachers." Apparently, the appellant insists that a system of evaluation which requires professional judgment by the evaluators is "subjective" and not "objective."

■ In construing a statute, the principal objective is to give effect to the legislative intent. *Mercy v. Olsen*, 672 S.W.2d 196 (Tenn.1984). Such intent should be ascertained primarily from the natural and ordinary meaning of the language used when read in context with the entire act or statute. *Oliver v. King*, 612 S.W.2d 152

(Tenn.1981). Hence, the word "objective" as used in the statute must be interpreted in its natural and ordinary meaning and in the context of the entire statute. In the Random House College Dictionary, Revised Edition, one definition of the word "objective" is "not affected by personal feelings or prejudice; based on facts; unbiased." Another definition given is "being or belonging to the object of perception or thought." As we construe the language as used in the Act, it requires the evaluators to base their opinions on facts known to them, with the employment of their professional learning and experience. The Act requires that advancement be based upon merit, without regard to sex, race, or prejudice. The appellant does not contend that the evaluators were biased or prejudiced. At the hearings, the evaluators stated facts justifying their grading the appellant as they did. They followed the criteria set out in T.C.A. Section 49–5–5204. Though there will generally always be some differences in the opinions of experts or professionals, this does not mean that the opinions were not reached by objective or logical reasoning. The statute does not require that the judgment of the evaluators be reached with the same certainty that could be reached in grading a test in mathematics, the Act only requires objective reasoning in considering an application. The evaluation met statutory standards. We find that the procedures employed in evaluating the appellant did not violate statutory requirements.

■ The appellant also argues that the evaluation procedures employed in his case deprive him of the benefits of the due process clause of the 14th Amendment to the Constitution of the United States. The appellant argues that he has a "property right" to the pay increases stemming from the Act. The Board has found that the appellant has not reached the statutory eligibility requirements of "outstanding". The Statute, as above stated, provides for a hearing to determine the eligibility of the appellant for pay increases. Due process requires only that the appellant be given notice of the reasons for the rejection of his application and a hearing. *Connell v.*

*Higginbotham*, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971); *Willner v. Committee on Character*, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); *Slochower v. Board of Higher Education*, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956). The appellant was granted hearings and was given a reason why he was denied a pay increase. We agree with the appellant that the tribunals created to evaluate his qualifications and to review their decisions do not assure error-free determinations. No human tribunal is capable of assuring error-free performance or attaining perfection. A former Justice of the Supreme Court of the United States once said: "We are not final because we are infallible; we are infallible because we are final."

We have considered the remaining arguments advanced by the appellant under the first issue and find them to be without merit. The first issue is overruled.

In the second issue, the appellant complains of the holding by the Chancellor that he had waived his right to object to *de novo* review by the Administrative Law Judge.* The appellant states that the Administrative Law Judge erred in exercising *de novo* review of the Appeals Administrator's decision and the Board erred in reviewing the recommended decision of the Appeals Administrator that the appellant should be awarded Career Level II certification.** The Chancellor held that the appellant waived any objection to the *de novo* review procedure by not raising his objection during the administrative proceedings and by presenting evidence at the Administrative Hearing. The Chancellor held that the applicant could not receive the benefits of presenting new evidence at a *de novo* hearing while at the same time demanding the benefits of the intermediate decision he attacks.

At the hearing, the Administrative Law Judge and the parties ignored the provisions of T.C.A. Section 49–5–5009(d) which provides, in substance, that the administrative proceedings "shall be limited to the record below." The Statute also provides that the person filing the exception "shall be entitled to introduce new evidence relating to the bias or prejudice of the State Certification Commission or, with the approval of the Hearing Officer, any other additional evidence when it has been shown to the satisfaction of the Hearing Officer that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the State Certification Commission." New evidence was introduced without discussion of or reference to these provisions for new evidence. The new evidence did not touch on the question of bias or prejudice of the State Certification Commission and the Hearing Officer was not asked to determine whether the additional evidence was material, or that good reasons existed for failure to present the new evidence in the proceeding before the State Certification Commission. The Board did not object to the admission of the new evidence offered by the appellant.

 Notwithstanding the irregular procedure, we are of the opinion that the Administrative Law Judge did not err in conducting what amounted to a de novo review of the record compiled by the State Certification Commission. Our conclusion is not based on the theory of waiver but on our interpretation of the review procedure set out in the statute. Under that procedure the Administrative Law Judge was not reviewing the preliminary decision of the Board's staff person but was in fact reviewing the decision of the State Certification Commission.

We admit that the regulations cast some doubt on our conclusion, but the statute is clear. What an applicant is entitled to under the career ladder program is an evaluation by the State Certification Commission,

---

* The Administrative Law Judge is referred to as a "Hearing Officer of the State Board of Education" in T.C.A. Section 49–5–5009. The Administrative Law Judge or "Hearing Officer" is referred to as a "presiding officer" in the regulations of the State Board of Education.

** As previously stated, it does not appear that the Board actually reviewed the decision of the Administrative Law Judge. The Executive Secretary of the Board stated that the Administrative Law Judge's decision became the order of the Board "by operation of law."

Tenn.Code Ann. Section 49–5–5007, and a review of that decision by the State Board of Education, Tenn.Code Ann. Section 49–5–5009. The State Board commences its review by authorizing a staff member to review the record and prepare *proposed* findings of fact and a recommended decision for the Board. Tenn.Code Ann. Section 49–5–5009(c). If dissatisfied with the staff member's proposed decision, the applicant may request a hearing before a duly authorized hearing officer of the Board. Tenn.Code Ann. Section 49–5–5009(d). The hearing officer then forwards a recommendation to the Board and the Board is required to make a final decision in a timely manner. *Id.* Under the Administrative Procedures Act, the decision of the hearing officer becomes the Board's decision unless the applicant seeks board review or the Board itself acts within ten days to exercise its right of review. Tenn. Code Ann. Section 4–5–318(f)(3).

Under this statutory scheme the proposed decision of the Board's staff member is only that—a proposed decision that ceases to have any efficacy once the applicant requests a hearing before the hearing officer. There is no provision in the statute or the regulations automatically making the staff member's decision the decision of the Board—as Tenn.Code Ann. Section 4–5–318(f)(3) does for the decision of the hearing officer. For the proposed decision to become final the Board would have to adopt it by taking formal action. Short of that, the proposed decision never reaches that stage of finality that makes it enforceable or reviewable.

The doubt cast on this analysis comes from the regulations adopted by the Board. Board Rule 0520–2–2–29(2)(f) says:

"1. In reviewing a recommended decision of the staff or the Board, the presiding officer shall construe the provisions of parts 50 through 55 of T.C.A., Title 49, Chapter 5, and the rules, regulations and evaluation criteria promulgated pursuant thereto, in favor of the applicant, absent substantial and material evidence to the contrary.

2. A recommended decision may be affirmed, remanded, modified or reversed.

(i) A recommended decision shall be affirmed if it was based upon proper procedure and there is substantial and material evidence to support it.

(ii) A recommended decision may be remanded to the Regional Certification Commission or the State Certification Commission or the local education agency or the staff of the Board for further consideration upon a finding that it was not made in accordance with applicable Board evaluation procedures or there was insufficient evidence upon which to make a decision; however, the recommended decision should not be remanded if the procedural error was not material to the decision and therefore constituted harmless error."

It is this provision that the appellant relies on in asserting that the hearing officer is limited to affirming the staff member's proposed decision if it is supported by material evidence. The rule assumes that there is a staff member's decision to review. Under our interpretation of the statute that is an erroneous assumption, and the rule cannot override the statutory provisions. *See Polk County v. State Board of Equalization,* 484 S.W.2d 49 (Tenn.App. 1972). We think the rule inadvertently includes within its provisions the recommended decision of the staff.

For these reasons we reject the limitations the appellant seeks to impose on the scope of the hearing officer's review.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County. Tax the costs on appeal to the appellant.

TODD, P.J., and CANTRELL, J., concur.