**Narvia D. HAYWOOD,**
**Plaintiff/Appellant,**

v.

**STATE BOARD OF EDUCATION,**
**Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 17, 1993.

Permission to Appeal Denied by
Supreme Court March 28, 1994.

Rebecca Wells–Demaree, Cornelius & Collins, Nashville, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Tina L. Greer, Asst. Atty. Gen., Nashville, for defendant-appellee.

*OPINION*

LEWIS, Judge.

This is an appeal by plaintiff, Narvia D. Haywood, from the judgment of the Chancellor affirming the final order of the State Board of Education (Board), denying plaintiff's career level III certification under the Comprehensive Education Reform Act as set forth in Tennessee Code Annotated § 49–5–5001, *et seq.*[1]

In 1984 the Tennessee General Assembly enacted the "Comprehensive Education Reform Act", Act of March 6, 1984, ch. 7, 1984 Tenn.Pub. Acts 20, "to establish a new professional career ladder program for full- time teachers, principals and supervisors." Tenn. Code Ann. § 49–5–5002(a) (Supp.1993). The career ladder program provides a system of salary supplements for educators and is also "designed to promote staff development among teachers, and to award with substantial pay supplements, those teachers evaluated as outstanding." Tenn.Code Ann. § 49–5–5002(b)(1) (Supp.1993).

As a part of the career ladder program the General Assembly created the State Certification Commission [SCC]. The SCC is responsible for the administration of the certification and evaluation portions of the career ladder program. Tenn.Code Ann. § 49–5–5101 (1990). The SCC's duties include making recommendations to the State Board regarding "certification and evaluation standards, criteria and procedures, including education and competency requirements, for use by the state certification commission and any local education agency administering its own evaluation procedures." Tenn.Code Ann. § 49–5–5103(4) (Supp.1993).

---

1. Hereinafter we will refer to plaintiff either as     plaintiff or by name.

The Board is ultimately responsible for the adoption of policies, standards, and rules regarding evaluation standards, procedures, criteria, and instruments used by the SCC for the certification and evaluation of teachers under the career ladder program. Tenn. Code Ann. § 49–5–5103(4) (Supp.1993). The evaluation procedure adopted by the Board and used by the SCC must assure the educator a fair, unbiased, and objective determination of professional competence. *Id.*

The final certification decision is made by the Board upon the recommendation of the SCC. If a supervisor is not recommended by the SCC for the certification sought, he or she may request a review of the SCC's decision by the Board. Tenn.Code Ann. § 49–5–5009(a)(1) (1990). The Board then authorizes a staff member, referred to as an "Appeals Administrator", to review the record and prepare proposed findings of fact and a recommended decision. Tenn.Code Ann. § 49–5–5009(c) (1990). If the supervisor does not agree with the proposed decision, he or she may file exceptions and request a hearing before a hearing officer of the Board. Tenn. Code Ann. § 49–5–5009(d) (1990). The hearing officer will then make a recommendation to the Board, and the Board makes the final decision regarding the appeal. *Id.* A supervisor aggrieved by the Board's decision is entitled to seek judicial review pursuant to the Administrative Procedures Act, Tenn. Code Ann. § 4–5–322 (1991); *see also* Tenn. Code Ann. § 49–5–5009(e) (1990).

Plaintiff filed her petition for review with the Davidson County Chancery Court in accordance with Tennessee Code Annotated sections 4–5–322 and 49–5–5009(e), seeking review of the Board's 1 March 1991 order which denied her a career level III certification and which also recommended that portions of plaintiff's evaluation be readministered.

The Chancellor heard arguments on plaintiff's petition on 11 May 1993 and on 12 May 1993 issued his Memorandum Opinion rejecting plaintiff's claim that the final order of the Board, which denied her career level III certification, was based on a finding not in accordance with applicable evaluation procedures. The Chancellor also found that the

recommendation of the ALJ in remanding plaintiff's evaluation for readministration with the stipulation that evaluators maintain some written documentation characterizing the data upon which the score was determined, was in accord with Board rules and regulations. An order was entered in accordance with the Chancellor's Memorandum Opinion on 14 June 1993 and was later amended by an order of this court to clarify that the Chancellor had affirmed the decision of the Board of Education as required by Tennessee Code Annotated section 4–5–322.

Plaintiff has duly perfected her appeal from the judgment of the Chancellor.

Plaintiff is employed as a supervisor serving as Basic Skills First Coordinator, Teacher's Center Director, and Chapter II/Title II Director for the Hawkins County School System. During the 1986–87 school year, plaintiff applied for and was evaluated for certification as a career level III supervisor. Plaintiff's evaluation was performed by three evaluators who evaluated her through management observations, interviews, portfolio scores, professional/personal questionnaires, subordinate questionnaires, student questionnaires, and a professional skills test. These scoring instruments, along with a consensus score of plaintiff's three on-site evaluators, were combined to determine her overall certification score.

Plaintiff received notice from the Commissioner of Education on 8 June 1987 that she had been recommended for a career level II certification based upon an overall evaluation score of 608 points out of a possible total of 800 points. In accordance with the Commissioner's notification and her rights under Tennessee Code Annotated section 49–5–5009, plaintiff appealed the SCC's failure to recommend her for career level III certification to the Board. Plaintiff contends that the SCC's recommendation was based on a finding not in accord with applicable evaluation procedures, that the evaluators abused their discretion by injecting personal bias and nonobjective factors into the evaluation procedures, that the other information gathering processes encouraged subjective determination, and that there was an absence of material and substantial evidence to support the

SCC's recommendation. The Appeals Administrator, Charles Ray, following a review of the record, issued his recommended decision on 19 February 1988 maintaining plaintiff's score of 608 points. Since the Appeals Administrator's review did not result in an increase of plaintiff's score to the minimum 700 points necessary for career level III certification, plaintiff was not recommended by the Appeals Administrator for career level III certification.

Plaintiff subsequently requested a hearing before a hearing officer appointed by the Board in accordance with Tennessee Code Annotated section 49–5–5009(d). Plaintiff filed a motion for a full Administrative Procedures Act hearing under the contested case provisions of Provision 0520–2–2–.29(2)(e)(2)(i), Rules and Regulations of the Board of Education. In support of her motion, plaintiff submitted a twelve page brief presenting her statement of alleged new material evidence of bias or prejudice by her evaluators and alleged evidence regarding the lack of objective standards necessary to a fair evaluation of her performance as a supervisor.

Plaintiff argues that "despite the fact that [she] had never had a chance to question her evaluators personally regarding their evaluation scores, and the fact that there was no documentation maintained by the evaluators regarding [her] evaluations," the Administrative Law Judge denied her request, and her appeal was set for a conference hearing on 15 November 1990.

At the conference hearing, plaintiff submitted supporting materials for her career ladder appeal broken down by competency and domain. The ALJ recognized that the administrative appeals process for the supervisor and administrator evaluations under the career ladder system was problematic because no record is kept by the evaluators to document their observations or interviews with a supervisor. Since no record was kept, the ALJ remanded all interview and observation scores to the SCC with the direction that a better record be maintained so that a future appeal of the readministration would be possible. Plaintiff objected to this remedy on the grounds that under the provisions of

the Career Ladder Act, the Board's career ladder rules and the evaluation criteria are to be construed in Haywood's favor in the absence of substantial and material evidence of the contrary. She in effect contends that under the circumstances she is automatically entitled to career level III status. She also submitted post hearing proof regarding the interview and observations scores which had been remanded by the ALJ. The SCC submitted an explanation in response to plaintiff's offer of proof and brief stating that "[d]ue to the nature of the process for scoring the interview, it is the State's position that additional testimony provided by a candidate during an appeal should not be sufficient evidence to overrule the judgement of a trained State evaluator."

The ALJ issued her initial order on 19 February 1991 remanding all interview and observation scores for reevaluation. The ALJ's initial order became the final order of the Board on 1 March 1991. Plaintiff filed her petition for review with the Chancery Court insisting that the Board's order should be reversed because it violated statutory provisions, violated the rules and regulations of the Board, deprived her of a benefit in violation of the due process clause of the 14th Amendment to the Constitution of the United States, was arbitrary and capricious and characterized by an abuse of discretion, and was unsupported by substantial and material evidence in light of the entire record. Plaintiff requested that the Chancery Court modify the Board's order to award her career level III certification.

Her petition for review was heard by the Chancellor on 11 May 1993, and plaintiff was denied relief on all counts. In this court, the plaintiff presents the issue of whether "the Chancellor erred in ruling that the Board's final order did not violate statutory requirements."

■ Plaintiff had the burden of producing evidence that she should have been granted career level III status. Tenn.Code Ann. § 49–5–5009(h) (1990). Tennessee Code Annotated section 49–5–5009(h) and the Board's Rule 0520–2–2–.29(2)(f) provide that Title 49, Chapter 5, and the Board's rules, regulations, and evaluation criteria should be construed in

favor of the applicant absent substantial and material evidence of the contrary. The Board found that there was insufficient evidence upon which to base a decision and therefore construed the rules in favor of the applicant. The Board then remanded the evaluation for readministration with a directive that readministration of the scores should not be any lower than the applicant's present scores. The fact that the rules are to be construed in plaintiff's favor does not mean that she is presumptively entitled to career level III status as she contends in her brief. Plaintiff's implication that she should presumptively be granted career level III status unless the State Certification Commission presented substantial and material evidence to the contrary is without foundation. Her contention is contrary to Tennessee Code Annotated section 49–5–5009(h) which provides that plaintiff has the burden of producing evidence supporting her qualification.

■ The Board determined that the evaluators' score sheets for the interview and observation portions of the evaluation were insufficient to serve as a record since there was no documentation upon which to determine whether plaintiff was accurately scored. It is undisputed that the evaluation complied with all statutory standards. The only dispute is whether the appellate review provided complied with the statutory and regulatory requirements. Both the plaintiff and the ALJ noted the evaluator guidelines for supervisor/administrator applicants do not require the evaluators to keep written documentation of the interview and observation portions of the evaluation. Board Rule 05–2–2–.29(2)(f)(2) provides:

2. A recommended decision may be affirmed, remanded, modified, or reversed.

(i) A recommended decision shall be affirmed if it was based upon proper procedure and there is substantial and material evidence to support it.

(ii) A recommended decision may be remanded to the Regional Certification Commission or the State Certification Commission or the local education agency or the staff of the Board for further consideration upon a finding that it was not made in accordance with applicable Board evaluation procedures or there was insufficient evidence upon which to make a decision; however, the recommended decision should not be remanded if the procedural error was not material to the decision and therefore constituted harmless error.

(iii) A recommended decision may be modified or reversed upon a finding that it is contrary to law or rule; that it constituted an abuse of discretion on the part of the Regional Certification Commission or the State Certification Commission; that there is no material and substantial evidence to support the decision of the Regional Certification Commission and State Certification Commission or the recommended decision of the staff of the Board; or that it was made in violation of Board evaluation procedures or policies; provided however, that the proposed decision should not be modified or reversed if the violation of the policies or procedures was not material to the decision and therefore constituted harmless error.

The record fully supports a determination that the Board's review of plaintiff's career ladder evaluation complied with the foregoing regulation. The Board could not have affirmed the decision pursuant to section (i) because there was insufficient evidence in the record for it to determine whether the decision was based on proper procedures. Subdivision (ii) clearly allows the Board to remand a case where there is insufficient evidence upon which to base a decision. The decision could not have been modified or reversed under subdivision (iii) because there is no proof that it was contrary to law, no proof that it constituted an abuse of discretion, no proof that it was made in violation of Board evaluation procedures, and no proof that there was a total lack of material and substantial evidence to support the decision.

The score sheets themselves provided some evidence to support the Certification Commission's decision that plaintiff was entitled only to career level II status. The Board therefore construed the rules in the applicant's favor and properly determined that the case should be remanded because there was insufficient evidence upon which to base a decision. The remand complied with

all statutory and regulatory provisions. The ALJ noted that her role was to assess the weight and sufficiency of the evidence. She found the lack of a record hindered plaintiff's ability to seek review of the evaluation, but did not demand a conclusion that the scores were tainted. The ALJ and the Board therefore held that a reevaluation was plaintiff's only adequate remedy.

■ Plaintiff was afforded all due process to which she was entitled. The ALJ conducted a conference hearing rather than a full blown UAPA hearing since plaintiff did not present new material evidence of bias or prejudice of the evaluators as required by Tennessee Code Annotated section 40-5-5009(d) and Board Rule 0520-2-2-.29(2)(e)(2)(i). She also did not present any good cause for why she failed to present the alleged evidence of evaluator bias or prejudice to the appeals administration. Board Rule 0520-2-2-.29(2)(e)(2)(i) provides:

> The presiding officer shall set the case for hearing pursuant to the Administrative Procedures Act T.C.A. Title 4 Chapter 4 (APA) rules for hearing contested cases if: (A) the applicant presents a statement of new material evidence of alleged bias or prejudice of the Regional Certification Commission or the State Certification Commission that meets the standards set forth at T.C.A. § 4-5-302(a), or a statement of other material evidence that was not presented before the Regional Certification Commission or State Certification Commission, and shows good cause for not presenting such evidence before the Regional Certification Commission or State Certification Commission ... If the grounds specified in (A) are not satisfied, the presiding officer shall set the case for a conference hearing as described in (2)2.(iii) of this rule.

The plaintiff's contention regarding the need for evaluator testimony and her motion for a full UAPA hearing did not set out any alleged bias of the evaluators, but instead related wholly to her belief that evaluator testimony was required to explain the scores assigned. Plaintiff filed an offer of proof after the hearing basically outlining what she said and did during each of the evaluators'

interviews and observations of her. Nothing in her thirty-two page offer of proof addresses any alleged bias or prejudice of plaintiff's evaluators. The plaintiff was not entitled to a full-blown UAPA hearing.

This court implicitly approved of the conference hearing procedure in *Sallee v. State Bd. of Educ.*, 828 S.W.2d 742 (Tenn.App. 1991). The conference hearing provided to plaintiff complied with all statutory and regulatory requirements.

■ Plaintiff's right to due process was not violated. Plaintiff has not demonstrated that she has a constitutionally protected property interest in a pay increase. Plaintiff contends that she has an entitlement to career level III certification since she met the threshold eligibility requirements and because the rules and evaluation criteria are to be construed in her favor. It is her contention that she has a constitutionally protected property interest because the act entitled a teacher the "benefit of the doubt" during the evaluation process. The act does not guarantee any particular career level certification and as a result does not warrant due process protection. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The career ladder act is intended to reward excellence. Advancement under the career ladder is not to be awarded lightly, but only when a teacher is found to be "outstanding". Tenn.Code Ann. § 49-5-5002(b)(1). However, even if plaintiff had a property interest cognizable by the Constitution, she was afforded all process to which she was due. Due process requires only that the plaintiff be given notice of the reasons for the rejection of her application and a hearing. *Connell v. Higginbotham*, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971). Plaintiff was given reasons why she was denied career level III certification at a hearing before the Appeals Administration and at a conference hearing before an ALJ. Plaintiff has been accorded all of the due process to which she was entitled.

It results that the judgment of the Chancellor is affirmed with costs of the appeal assessed to the plaintiff. The cause is re-

manded to the Chancery Court for further necessary proceedings.

CANTRELL and KOCH, JJ., concur.