NUMBER 13-03-025-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

DEBRA BAVOUSET,                                                                       Appellant,

 

                                                             v.

 

GARY HALL,                                                                                   Appellee.

 

      On appeal
from the 135th District Court of Victoria County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                       Before
Justices Yañez, Rodriguez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








By four issues, appellant, Debra Bavouset, appeals a
trial court order granting a no-evidence summary judgment in favor of her
former husband, Gary Hall.  Bavouset
contends the trial court (1) abused its discretion by granting Hall=s written and unwritten objections to her summary
judgment evidence (issues two and one, respectively), (2) erred by granting
summary judgment in Hall=s favor (issue three), and (3) erred by not granting
her an opportunity to cure defects in the form of her summary judgment evidence
(issue four).  We affirm.

                                                                I.  Background








Bavouset sued Hall for malicious prosecution,
defamation per quod, defamation per se, false imprisonment, and intentional
infliction of emotional distress[1]
in connection with  an affidavit Hall
submitted to the Victoria Police Department,[2]
which led to Bavouset=s arrest for interference with child custody.[3]  Hall filed a no-evidence motion for summary
judgment, contending there is no evidence (1) that he acted with negligence
regarding the truth of the allegedly defamatory statements nor that the
statements are false and (2) of several elements of malicious prosecution,
including malice, lack of probable cause in filing a criminal complaint, and
that the plaintiff is innocent.  Bavouset
filed a response to the motion and attached an affidavit and various
documents.  On November 5, 2002, Hall
filed a reply, in which he objected to portions of Bavouset=s affidavit and summary judgment evidence.  The trial court held a hearing on the motion
on November 8, 2002.  On November 20,
2002, the trial court granted Hall=s objections to Bavouset=s summary judgment evidence and granted summary
judgment in his favor.  This appeal
ensued.    

                                                         II.  Standard of Review             








The standard of review for the grant of a motion for
summary judgment is determined by whether the motion was brought on no‑evidence
or traditional grounds.[4]  A no‑evidence summary judgment is
equivalent to a pretrial directed verdict, and this Court applies the same
legal sufficiency standard on review.[5]  In an appeal of a no‑evidence summary
judgment, this Court reviews the evidence in the light most favorable to the
nonmovant, disregarding all contrary evidence and inferences.[6]  If the nonmovant produces evidence to raise a
genuine issue of material fact, summary judgment is improper.[7]  All that is required of the non‑movant
is to produce a scintilla of probative evidence to raise a genuine issue of
material fact.[8]  ALess than a scintilla of evidence exists when the
evidence is 'so weak as to do no more than create a mere surmise or suspicion
of a fact.'@[9]  Conversely,
more than a scintilla exists when the evidence Arises
to a level that would enable reasonable and fair‑minded people to differ
in their conclusions.@[10]  The burden
of producing evidence is entirely on the non‑movant; the movant has no
burden to attach any evidence to the motion.[11]  Where, as here, a summary judgment order
issued by the trial court does not specify the ground or grounds relied upon
for the ruling, it will be upheld if any of the grounds in the summary judgment
motion can be sustained.[12]

                                                                   III.  Analysis 








We will review Bavouset=s issues in a logical rather than sequential
order.  In her third issue, Bavouset
contends the trial court erred in granting summary judgment in Hall=s favor.  Hall
argues that the trial court properly granted his objections to Bavouset=s summary judgment evidence and that she therefore
produced no evidence raising a genuine issue of material fact on the disputed
elements of her claims.[13]  We conclude it is unnecessary for us to
address whether the trial court properly granted Hall=s objections because even considering Bavouset=s  proffered
summary judgment evidence, we conclude that the evidence fails to raise a
genuine issue of material fact as to one or more essential elements of her
causes of action.[14]


                                                      A.  Malicious Prosecution

There are seven elements of a malicious prosecution
claim in Texas:  (1) the commencement of
a criminal prosecution against the plaintiff; (2) initiation or procurement of
the prosecution by the defendant; (3) termination of the prosecution in the
plaintiff=s favor; (4) the plaintiff=s innocence; (5) the lack of probable cause for the
proceedings; (6) malice in filing the charge; and (7) damage suffered by the
plaintiff.[15]  In his no-evidence summary judgment motion,
Hall argued there was no evidence (1) that he acted with malice in filing his
affidavit with the police, (2) of a lack of probable cause for the criminal
complaint of interference with child custody, and (3) that Bavouset was
innocent of interference with child custody. 


AMalice is generally defined as ill will, evil
motive, gross indifference, or reckless disregard of the rights of others.@[16]  Malice may
be established by either direct or circumstantial evidence and may be inferred
from lack of probable cause.[17]  








In her response to Hall=s no-evidence motion, Bavouset argued that the evidence
presents an issue of material fact as to whether Hall acted with malice Abecause he knowingly failed to disclose material
information and misrepresented the facts to law enforcement authorities.@ 
Specifically, Bavouset contends Hall failed to disclose material
information because Ahe failed to disclose that he had not complied with
the conditions precedent to exercising his visitation and that he was in fact
actually aware of his daughter=s whereabouts and in contact with her.@  In support,
Bavouset points to Hall=s March 3, 1997 motion to hold her in contempt for
numerous alleged violations of the Agreed Modification Order, including the
allegation that Bavouset refused to allow their daughter to visit Hall for the
Christmas 1996 holidays.  Bavouset then
notes that although Hall=s motion for contempt Awas
dismissed on special exceptions on April 4, 1997,@ he
nonetheless Amade these statements to the Victoria Police
Department several months later to have charges filed on [Bavouset] over the
same missed vacation.@  The April 4,
1997 order sustains Bavouset=s special exceptions to Hall=s motion for contempt, but does not dismiss the
motion.  Moreover, we conclude that this
evidence establishes only that Hall failed to disclose that he knew his
daughter=s address and telephone number.  In her response, Bavouset also points to Hall=s failure to disclose that the Agreed Modification
Order provides that he was to pick up his daughter for the 1996 Christmas
visitation at Bavouset=s residence, and that he failed to make arrangements
to do so.  Assuming, without deciding,
that the trial court abused its discretion in granting Hall=s objections to the summary judgment evidence, we
conclude that Bavouset=s evidence fails to raise a genuine issue of
material fact as to the element of malice. 

                                                                B.  Defamation 













To prove a cause of action for defamation, a
plaintiff must prove that (1) the defendant published a statement of fact, (2)
the statement was defamatory, (3) the statement was false, (4) the defendant
acted negligently in publishing the false and defamatory statement, and (5) the
plaintiff suffered damages as a result.[18]  Whether a publication is capable of being
defamatory is initially a question of law to be determined by the court.[19]  To make this determination, the trial court
should consider whether the words used are reasonably capable of defamatory
meaning by considering the allegedly defamatory statement as a whole.[20]  The determination is based on how a person of
ordinary intelligence would perceive the entire statement.[21]  Truth is a defense to defamatory statements.[22]  A showing of substantial truth at a summary
judgment hearing will defeat a defamation claim.[23]  A defendant cannot be liable for presenting a
true account of events, regardless of what someone may infer from the account.[24]  However, Aa
plaintiff can bring a claim for defamation when discrete facts, literally or
substantially true, are published in such a way that they create a
substantially false and defamatory impression by omitting material facts or
juxtaposing facts in a misleading way.@[25]  Whether a
publication is false and defamatory depends on a reasonable person's perception
of the entirety of a publication and not merely on individual statements.[26]


Here, Hall moved for summary judgment on Bavouset=s defamation claim on grounds that there was no
evidence that (1) he acted with negligence with regard to his  October 27, 1997 statement to the police, or
that (2) the statements in the October 27 statement were false.  Bavouset contends that Hall=s October 27 statement Aconvey[s] a 
defamatory meaning by omitting or juxtaposing facts.@  Bavouset
argues that because Hall=s statement omits material facts, such as his
failure to comply with orders governing visitation and access to his daughter,
the statement is misleading and therefore defamatory.  We disagree.








Again, assuming without deciding that the trial
court abused its discretion in granting Hall=s
objections to Bavouset=s summary judgment evidence, we conclude that
Bavouset=s evidence failed to establish the falsity of the
statements in Hall=s October 27, 1997 affidavit.  She also failed to establish that Hall=s affidavit created a substantially false and
defamatory impression by omitting material facts or juxtaposing facts in a
misleading way.[27]  Bavouset argues that by omitting information
regarding his own failure to comply with the court-ordered terms for
visitation, Hall=s statements that he Amissed
two visitation periods@ is defamatory because a Areasonable person would infer . . . that . . .
Bavouset refused to comply with the court orders in effect . . . .@  We conclude
that Bavouset=s evidence failed to raise a genuine issue of
material fact that the statements in Hall=s affidavit were either false or that he acted
negligently in making the statements to the police.  Accordingly, we hold that the trial court did
not err in granting summary judgment in Hall=s
favor.  We overrule Bavouset=s third issue.

Because of our disposition of Bavouset=s third issue, it is unnecessary for us to address
her remaining issues.[28]

We AFFIRM the trial court=s judgment.             

 

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

 

Memorandum opinion delivered and filed 

this the 18th day of May, 2006.

 











[1] Bavouset=s claims for false imprisonment and
intentional infliction of emotional distress were later non-suited.





[2] Hall=s October 27, 1997 affidavit
stated, in pertinent part:

 

In August 1996, during the second
week, my daughter, Ashley Erin Hall, was visiting me.  I brought Ashley back to her mother, Debra
Bavouset, who was living in New Braunfels at the time.  We have a court order defining our child=s custody.

 

I was supposed to get Ashley back
for visitation, but I have not seen Ashley since I dropped her off with Debra
in August of 1996.

 

I have not been able to contact
Ashley since August of 1996 and Debra since June 1997.  I have missed two visitation periods
specified by the court order, Christmas time of 1996 and summer of 1997.  I also have not been able to speak with
Ashley on the phone once a week as the order calls for.  I have sent airline tickets to Debra twice
and Ashley has not made either flight.  I
have also found that Debra has changed her address without notifying me within
the time specified in the order.

 

I wish to file charges on Debra Bavouset for interfering with child
custody. 





[3] See Tex. Pen. Code Ann. ' 25.03 (Vernon 2003).  The statute provides, in pertinent part, 

 

(a) A person commits an offense if
the person takes or retains a child younger than 18 years when the person:

 

(1) knows that the person=s taking or retention violates the
express terms of a judgment or order of a court disposing of the child=s custody; . . .

 

See id.  Bavouset was subsequently no-billed
by the Victoria County grand jury.   As
Hall=s counsel explained at the summary
judgment hearing, 

 

I don=t know if his Honor has ever seen
that old movie, AThe War of the Roses@ of people who can make their life
a civil war with each other after a divorce. 
These two people were divorced in 1990, and they=ve had various litigation between
them concerning their daughter for the last, I guess, 12, 12 1/2 years.                                                  





[4] See Tex. R. Civ. P. 166a(i), (c); see also Ortega v. City
Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.) (op.
on reh'g). 





[5] Ortega, 97 S.W.3d at
772.   





[6] City of Keller v. Wilson, 168 S.W.3d 802, 825 (Tex. 2005)
(noting that review of  a Ano-evidence@ motion for summary judgment is
effectively restricted to the evidence contrary to the motion); Ortega,
97 S.W.3d at 772.    





[7] Tex. R.
Civ. P. 166a(i).





[8] Ortega, 97 S.W.3d at 772. 





[9] Id. (quoting Kindred v.
Con/Chem Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 





[10] Id. (citing Transp. Ins.
Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). 





[11] Tex.
R. Civ. P. 166a(i).





[12] Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001); Weakly v. East, 900 S.W.2d 755, 758
(Tex. App.BCorpus Christi 1995, writ denied). 





[13] See Tex. R. Civ. P. 166a(i).





[14] See id.; Tex. R. App. P. 47.1.  





[15] Richey v. Brookshire Grocery
Co., 952 S.W.2d 515, 517 (Tex. 1997).





[16] Thrift v. Hubbard, 874
S.W.2d 70, 80 (Tex. App.BSan Antonio 1998, pet. denied). 





[17] Id.  





[18] Brown v. Swett & Crawford
of Tex., Inc., 178 S.W.3d 373, 382 (Tex. App.BHouston [1st Dist.] 2005, no pet.)
(citing   WFAA-TV, Inc. v. McLemore,
978 S.W.2d 568, 571 (Tex. 1998)).





[19] Turner v. KTRK Television, Inc.,
38 S.W.3d 103, 114 (Tex. 2000).





[20] See Musser v. Smith Protective
Servs., Inc., 723 S.W.2d 653, 654‑55 (Tex. 1987).





[21] See Bentley v. Bunton, 94 S.W.3d 561, 579 (Tex. 2002).





[22] Larson v. Family Violence and
Sexual Assault Prevention Ctr., 64 S.W.3d 506, 515 (Tex. App.BCorpus Christi 2001, pet. denied)
(citing Randall=s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 646 (Tex.
1995)).  





[23] Id. (citing Garcia v.
Allen, 28 S.W.3d 587, 594 (Tex. App.BCorpus Christi 2000, pet. denied)). 





[24] Id. (citing KTRK
Television, Inc., 38 S.W.3d at 115; Randall=s, 891 S.W.2d at 646).





[25] KTRK Television, Inc., 38
S.W.3d at 115.





[26] Id.





[27] See id.  





[28] See Tex. R. App. P. 47.1.